## BENSON *v.* MAY *et al.*

FISH, C. J. 1. Where, as a part of the consideration for the purchase-price of land, the vendee assumed the debts of the vendor for which there were outstanding deeds to secure such debts, a positive statement by the vendor to the vendee that the debts aggregated "$6,000, whereas the amount of such debts was $7,500, was a misstatement of a material fact; and whether or not at the time of the making of the misstatement the vendor knew it to be such, if the vendee in good faith believed the statement of the vendor to be true, and acted upon it to his injury, such misstatement so acted upon, with the result stated, would be sufficient ground for a petition by the grantee to cancel the deed. Civil Code, § 4113; *Smith* v. *Mitchell,* 6 *Ga.* 458; *Reese* v. *Wyman,* 9 *Ga.* 430 (7); *Bailey* v. *Jones,* 14 *Ga.* 384 (4); *Woodruff* v. *Saul,* 70 *Ga.* 273; *Newman* v. *Claflin,* 107 *Ga.* 94 (32 S. E. 943).

(*a*) The fact that the outstanding security deed and mortgage may have been matters of public record would not affect the case. The vendee, believing the representations as to the amount due on the debts secured by the encumbrance, had the right to rely upon the positive statement of the vendor as to the amount due thereon.

2. The allegation in the petition, that, "upon learning" of the misrepresentation of the vendor, the vendee applied to the vendor to have the deed canceled, and that the vendor promised to do so, but had failed to move in the matter, otherwise than to request the vendee to bring an action himself to have the instrument canceled, was sufficient as against a general demurrer complaining that it did not appear that the action was commenced promptly after the discovery of the misrepresentation.

3. The deed was dated March 3, 1916, and, after the granting clause, contained the following: "This deed is made to [the grantee] in trust for the following uses and trusts, to wit: (1) To collect the rents on

said property and to pay all taxes, interest on the loans thereon, water and light bills, janitor service, insurance, and all other expenses incident to the apartment house now located on said property. (2) To pay to the said [grantor and her husband] the sum of $75 per month, as long as they or the survivor of them shall live, and at the death of each to pay the funeral expenses of each. (3) To allow said [grantor and her husband] to occupy, without charge, the apartment now occupied by them in the aforesaid apartment house on said property for and during their joint lives, and for and during the life of the survivors. (4) After the death of the said [grantor and her husband] and of the survivor, . . to pay within six years from that date the following amounts to the following parties, to wit: [then follow the names of several persons, and a certain amount opposite each name]. The said [grantee] is hereby given full power and authority, without the order of any court, and at such terms and for such time as he may deem best, to borrow money upon the aforesaid property for and during the life of the said [grantor and her husband] and for and during the life of the survivor of them, for the purpose of paying off the encumbrances now on said property, and for making such necessary repairs thereon as may in the opinion of the said [grantee] be needed. In the exercise of this power the said [grantee] shall have full power and authority without obtaining the consent of any party whomsoever. (5) After the death of the said [grantor and her husband], . . the said [grantee] shall have full power and authority, at public or private sale, without the order of any court whatsoever, and without obtaining the consent of any party whomsoever, to sell, mortgage, or otherwise manage the aforesaid property, on such terms and on such time as he may deem proper for the purpose of paying off the amounts heretofore specified to [the third persons specially named as hereinabove indicated]. (6) When the aforesaid conditions shall have been complied with during the life of [the grantor and her husband], . . and when the aforesaid amounts to the aforesaid parties shall have been paid off after their death, the aforesaid property, or the remainder of the sums for which the same may have been sold, shall vest in and be the absolute property of the said [grantee]. (7) The said [grantee] shall have a period of six years after the death of the said [grantor and her husband], . . to pay off the aforesaid amounts without interest. (8) The said [grantee] shall also have such sums as may remain from the rents of said property during the life of the said [grantor and her husband], . . after paying the amounts herein provided for during their lives and the life of the survivor, as above provided." The petition alleged that on May 18, 1917, the apartment house was wholly destroyed by fire, and since that date the property conveyed by the deed has produced no income of any kind, "said property being since the fire a vacant lot worth the sum of $2500." Petitioner has in his hands no fund accruing to him by reason of the provisions of said conveyance in trust, but has himself paid out from his personal funds such sums as were necessary to comp'y with the terms of said conveyance in trust. Petitioner is ready and willing to render a full accounting of all sums received by him and expenditures made by him, and to execute such conveyances as may be necessary

for the purpose of rescinding and setting aside said deed in trust. Petitioner faithfully performed the obligations resting upon him under said deed, and all sums collected by him have been disbursed in the performance of the duties imposed upon him by said deed. *Held*, that the petition does not show upon its face that any further tender or offer to restore the status on his part was necessary, as a condition precedent, for a decree of cancellation of the deed.

4. It was error to dismiss the petition on general demurrer.

*Judgment reversed. All the Justices concur, except George, J., absent.*

No. 1296. NOVEMBER 20, 1919.

Equitable petition. Before Judge Pendleton. Fulton superior court. December 11, 1918.

*Madison Richardson,* for plaintiff.

*Winfield Payne Jones,* for defendants.