## MAY *et al. v.* TROTTI *et al.*

1. The instrument of conveyance of realty involved in this case created a valid, existing executory trust; and under the facts and circumstances alleged the petitioner was entitled to the relief sought. Whether, if in case of a sale the proceeds of the property sold should not be sufficient to discharge the amounts due and to become payable to the petitioner, the trustee (grantee in the deed) would be personally liable therefor, is not decided; as no personal judgment against him is sought.

2. It was not error to overrule the grounds of demurrer: that the deed did not create a trust, but operated to transfer the legal title to the property to the grantee, subject to the provisions and conditions therein specified, as personal obligations assumed by him; that if the grantor sought to create a trust, it was void for inability to create a trust for the purposes stated in the deed; that the plaintiff is entitled to a personal judgment against the grantee, by reason of his acceptance of the conditions imposed upon him by the deed; and that the deed did not create such a trust as would justify the court in decreeing that such judgment be a special lien on the realty conveyed.

        No. 2401. MARCH 2, 1922.

Equitable petition. Before Judge Pendleton. Fulton superior court. December 14, 1920. See *Benson* v. *May*, 149 *Ga.* 555.

*Winfield Payne Jones,* for plaintiffs in error.

*Madison Richardson, H. A. Etheridge,* and *W. O. Wilson,* contra.

PER CURIAM.    F. B. Trotti brought his equitable petition against Marion T. Benson, W. P. May, Frezelle Smoak, Nannie Burkett, and others, for the purpose of having an alleged trust declared and established, and for other equitable relief. In the petition it is alleged that on the third day of March, 1916, Mrs. Marion P. Trotti, who was then the wife of petitioner, executed a certain written instrument, of which the following is a substantial copy of the material parts:

" This deed is made to [the grantee] in trust for the following uses and trusts, to wit:    (1)    To collect the rents on said property and to pay all taxes, interest on the loans thereon, water and light bills, janitor service, insurance, and all other expenses incident to the apartment house now located on said property. (2)    To pay to the said [grantor and her husband] the sum of $75 per month, as long as they or the survivor of them shall live, and at the death of each to pay the funeral expenses of each.    (3) To allow said [grantor and her husband] to occupy, without charge, the apartment now occupied by them in the aforesaid apartment house on said property, for and during their joint lives, and for and

during the life of the survivors. (4) After the death of the said [grantor and her husband] and of the survivor, . . to pay within six years from that date the following amounts to the following parties, to wit: [then follow the names of several persons, and a certain amount opposite each name.] The said [grantee] is hereby given full power and authority, without the order of any court, and at such terms and for such time as he may deem best, to borrow money upon the aforesaid property for and during the life of the said [grantor and her husband] and for and during the life of the survivor of them, for the purpose of paying off the encumbrances now on said property, and for making such necessary repairs thereon as may in the opinion of the said [grantee] be needed. In the exercise of this power the said [grantee] shall have full power and authority without obtaining the consent of any party whomsoever. (5) After the death of the said [grantor and her husband], . . the said [grantee] shall have full power and authority, at public or private sale, without the order of any court whatsoever, and without obtaining the consent of any party whomsoever, to sell, mortgage, or otherwise manage the aforesaid property, on such terms and on such time as he may deem proper for the purpose of paying off the amounts heretofore specified to [the third persons specially named as hereinabove indicated]. (6) When the aforesaid conditions shall have been complied with during the life of [the grantor and her husband], . . and when the aforesaid amounts to the aforesaid parties shall have been paid off after their death, the aforesaid property, or the remainder of the sum for which the same may have been sold, shall vest in and be the absolute property of the said [grantee]. (7) The said [grantee] shall have a period of six years after the death of the said [grantor and her husband], . . to pay off the aforesaid amounts without interest. (8) The said [grantee] shall also have such sums as may remain from the rents of said property during the life of the said [grantor and her husband], . . after paying the amounts herein provided for during their lives and the life of the survivor, as above provided."

The defendant Benson is the grantee in the foregoing deed, and the other defendants are beneficiaries named therein. Petitioner by proper allegations contends that by the terms of the instrument set forth the property therein described is in the hands of Marion

T. Benson as trustee, and is chargeable with the monthly payment of $75 for the support of petitioner; that the named trustee did pay over that amount monthly until May, 1917, since which time he has discontinued the payments; that the improvements upon the land were destroyed by fire in that month, and the property now consists of the vacant lot, which has a value of five or six thousand dollars; and that the amount now due petitioner is $2625, with interest. Petitioner prays for a judgment and decree awarding him that amount of money up to the present time; and prays that the judgment be made a special lien against the real estate, but not a personal judgment against Benson. He prays that the property be sold, and that out of the proceeds he be paid the amount stated as due now, and that any excess derived from the sale of the property be impounded for the payment monthly of the amount of $75, as long as he lives.

May, Smoak, and Mrs. Burkett demurred to this petition, on the grounds, among others, that the deed did not create a trust, but operated to transfer the legal title to the property to Marion T. Benson, subject to the provisions and conditions as therein specified, as personal obligations assumed by the grantee; that if the grantor sought to create a trust, it is void on the ground of inability on the part of the grantor to create a trust for the purposes therein specified; that the plaintiff is entitled to a personal judgment against the grantee, by reason of his acceptance of the conditions imposed upon him by the deed; and that the deed did not create such a trust as would warrant or justify the court in decreeing that such judgment be a special lien on the land.

1. The instrument set forth above created a valid, existing executory trust; and under the facts and circumstances alleged in the petition, the petitioner was entitled to the relief sought. Whether, if in case of a sale of the property the proceeds thereof should not be sufficient to discharge the amounts heretofore accumulated and due petitioner, as well as the amounts to become payable monthly, the defendant Benson would be personally liable therefor, is not decided, as no personal judgment is sought against Benson.

2. Consequently the court did not err in overruling the demurrers.

*Judgment affirmed. All the Justices concur, except*

BECK, P. J., dissenting. While the instrument set forth above, upon which the plaintiff bases his claim to the equitable relief sought, is in form a deed of trust, conveying to the grantee a trust estate, nevertheless, when we look to the substance and effect of the instrument and when the estate actually conveyed to Benson is considered, the instrument is seen to be, in effect, one of bargain and sale, and amounts to a conveyance, upon a condition subsequent, to Benson for a consideration; that is, the payment of the charges put upon the property, which was to be made through a series of years; and it is to be inferred that such was the view taken of this deed when the opinion in the case of *Benson* v. *May,* 149 *Ga.* 555 (101 S. E. 177), was rendered (though it does not seem that this particular question was raised for determination); and consequently a failure upon the part of Benson to pay the monthly installments due Trotti, the petitioner, made him primarily personally liable; and this appearing from the petition itself, it was competent for the other defendants, May, Smoak, and Burkett, to raise that question by demurrer.