34205. JONES v. DALLAS.

HILL, Justice.

In this suit for specific performance of a written real estate sales contract, the trial court directed a verdict for the buyer. In essence, the contract provided for the sale of 454.88 acres at $550 per acre ($250,184) payable in 240 monthly installments (20 years) of $1,032.01 each, "the purchase price being a total price for the entire acreage with no interest being included in addition to the monthly installment."

The seller refused to execute the tendered deed or to accept monthly payments and the buyer filed suit for specific performance.[1] At the close of the evidence, both sides moved for directed verdict and the trial court granted the buyer's motion.

The evidence relied upon by the buyer, and the only evidence offered, to show the fairness and adequacy of the sales price was the testimony of the seller, who testified as follows:

"Q. [Seller], would you be willing today to sell this land to Mr. Dallas for the contract price of $550? A. I will. Q. All right. But you don't want it over a twenty year period? A. I don't want it over twenty years like it is."

Code § 37-805 provides that inadequacy of price may

---

[1]After signing the contract, the seller apparently learned that the IRS would treat this "no interest" sales contract as including ordinary interest in the deferred payments.

justify a court in refusing to decree specific performance. "This court has repeatedly held that in order for a suit for specific performance of a contract for the sale of land to prevail, the plaintiff must prove the value of the property so as to enable the court to determine that the contract was fair, just and not against good conscience. [Cits.]" *Moody v. Mendenhall,* 238 Ga. 689 (6) (234 SE2d 905) (1977).

The question for decision thus is whether the seller's admission that he would be willing to sell this land for the contract price of $550 per acre, but not over a 20 year period, satisfied the requirement that the plaintiff must prove the value of the property so as to enable the court to determine that the contract was fair, just and not against good conscience.

The value of property at a price payable immediately in lump sum is considerably greater than at that same price but payable over a period of several years without interest. We find that the plaintiff's proof failed to justify the decree of specific performance in his favor and the court should have granted the defendant's motion for directed verdict on that issue.

*Judgment reversed. All the Justices concur, except Jordan and Hall, JJ., who concur in the judgment of reversal but dissent to the granting of the defendant's motion for directed verdict.*

ARGUED NOVEMBER 14, 1978 — DECIDED JANUARY 23, 1979 — REHEARING DENIED FEBRUARY 14, 1979.

*Walton Hardin,* for appellant.

*Pernell Davis, W. Tom Veazey, Samuel Fowler, Jr.,* for appellee.