### 37676. FRANCIS v. COOK et al.

JORDAN, Chief Justice.

James Hilburn Francis appeals from entry of judgment on a directed verdict for Raleigh J. Cook denying specific performance of an option to purchase land. We reverse.

Cook as defendant moved for a directed verdict at the close of the case-in-chief of the plaintiff Francis. The trial court sustained the motion on the basis that Francis had not proven the value of the optioned land.

1. The trial court erred by construing the testimony of Francis, the respondent to the motion for directed verdict, most strongly against him. The evidence should have been "considered in the light most favorable to the respondent to the motion." *Burney v. Butler,* 243 Ga. 620 (255 SE2d 686) (1979); *North Ga. Production Credit Assn. v. Vandergrift,* 239 Ga. 755, 761 (1) (238 SE2d 869) (1977).

2. Construed favorably to Francis, the evidence shows that Francis had purchased other tracts or parcels of land near or around the tract under option. He felt reasonably sure that the $300 per acre that Cook had asked for the 91.1 acres he had purchased from Cook and for the 13.1 acres covered by the option was the full and fair value

of the land. This evidence was not excludable. Code Ann. § 38-1709. It was legally sufficient to preclude grant of the motion for directed verdict. *North Ga. Production Credit Assn. v. Vandergrift,* supra.

Our decision in *Jones v. Dallas,* 243 Ga. 124 (252 SE2d 603) (1979), is inapposite because the testimony of the seller in *Jones* that he would take $550 per acre for the land was conditioned by his statement that he would not accept a twenty-year contract term. As we observed in *Jones,* "The value of property at a price payable immediately in lump sum is considerably greater than at that same price but payable over a period of several years without interest." 243 Ga. at 125.

The trial court should not have granted the motion for directed verdict.

*Judgment reversed. Hill, P. J., Marshall, Clarke, Smith and Gregory, JJ., concur.*

DECIDED SEPTEMBER 8, 1981 —
REHEARING DENIED SEPTEMBER 29, 1981.

*W. McMillan Walker,* for appellant.
*Wilton D. Harrington,* for appellees.