## 62881. JONES v. TRAIL CITIES REALTY, INC.

BANKE, Judge.

This is a suit by a broker to collect a real estate commission. The jury returned a verdict in favor of the plaintiff, and the defendant appeals.

The defendant signed an "exclusive listing agreement" with the plaintiff which provided in pertinent part as follows: "I hereby . . . agree . . . to pay you a commission of 10% of any sales price on any contract accepted by me whether such sale be made by you or me, or by any other person acting for me or in my behalf upon the terms hereinafter mentioned, *or upon any other terms acceptable to me.*" (Emphasis supplied.) The sale price specified in the listing agreement was $595 per acre.

During the 180-day period in which the exclusive listing was in force, the plaintiff procured a prospective purchaser named Dallas, and the defendant entered into a contract of sale with him. The purchase price specified in this contract was only $550 per acre, rather than $595, and it was payable over a 20-year period without interest; however, Dallas agreed to pay the 10% broker's commission on the sale price. The defendant subsequently refused to close, and Dallas sued for specific performance. In *Jones v. Dallas,* 243 Ga. 124 (252 SE2d 603) (1979), the Supreme Court ruled that because Dallas had not introduced evidence to show that the sale price was "fair, just and not against good conscience," he was not entitled to the equitable remedy of specific performance. *Id.* at 125. Based on this ruling and also upon the fact that he was not offered $595 an acre for the land, the defendant seller now contends that the plaintiff broker never earned its commission. He further contends that if the commission was earned, it is Dallas who owes it, pursuant to the provisions of the sale contract. *Held:*

1. "The broker's commissions are earned when, during the agency, he finds a purchaser ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner." Code § 4-213. Where the seller accepts the terms of the purchaser's offer by signing a sales contract, he has accepted the broker's procurement, and he cannot thereafter defeat the broker's right to a commission by refusing to close the transaction. See *Hope v. DeForest Realty, Inc.,* 144 Ga. App. 269 (241 SE2d 49) (1977); *Baker v. Strawder,* 50 Ga. App. 388 (1, 2) (178 SE 206) (1934). Accord *Phinizy v. Bush,* 129 Ga. 479 (2) (59 SE 259) (1907). The verdict was supported by the evidence, and the trial court did not err in denying the defendant's motion for directed verdict or his motion for judgment notwithstanding the verdict.

2. The trial court did not err in excluding any reference to the Supreme Court's ruling in *Jones v. Dallas,* supra. The court's ruling in that case was not that the sale contract with Dallas was invalid but merely that Dallas was not entitled to the equitable remedy of specific performance.

3. The defendant's contractual obligation to pay the plaintiff a commission could not have been abrogated by the provision in the sale contract obligating Dallas to pay the commission, since the plaintiff was not a party to the sale contract.

4. The enumerations of error directed to the court's charge are without merit.

*Judgment affirmed. Deen, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED NOVEMBER 4, 1981 —
REHEARING DENIED NOVEMBER 30, 1981 —

*Walton Hardin,* for appellant.
*M. McNeill Holloway III,* for appellee.