62849. GRANT et al. v. AULICKY et al.

Pope, Judge.

Appellant Roy Grant entered into an oral agreement to purchase a house and the surrounding land from the appellee Roy Aulicky. After the delivery and acceptance of the warranty deed transferring the property, Grant brought suit against Aulicky for breach of contract and fraud. Grant's petition claimed that Aulicky had verbally agreed as part of the sales contract to guarantee the working condition of the furnace, central vacuum system, and oven for one year but had refused to pay for the repair cost of these items during that period. Grant further alleged that Aulicky breached his oral promise to pay for a survey of the property and the cost of having the well pump connected to Grant's electrical meter. Finally, Grant contends that Aulicky had made false and fraudulent representations respecting the condition of the roof and the fireplaces in the house. It is the trial court's grant of summary judgment in favor of Aulicky from which Grant brings this appeal.

1. Grant urges on appeal that the verbal warranties and promises are independent obligations, separate from the provisions of the oral sales contract relating to the conveyance of the land. He argues that these promises do not fall within the provisions of the Statute of Frauds (Code Ann. § 20-401) and therefore do not have to be in writing to be enforceable.

" 'Where there are stipulations in the preliminary contract or contracts of which the conveyance is not a performance, the question whether such stipulations are merged in the deed depends upon the intent of the parties . . . The evidence of such intention may exist in or out of the deed . . . where the antecedent contract contains provisions imposing obligations upon the vendor other than those relating to title or possession, and so far collateral thereto as to indicate that their omission from the deed was without any deliberate intent to preclude their survival of that instrument, such collateral provisions will be held to survive the deed.' " *Helmer v. Hegidio,* 133 Ga. App.

168, 169 (210 SE2d 332) (1974).

" 'Where it is the intention of the parties that certain duties are to be performed after the delivery of the deed and acceptance of possession, the duties and obligations are not merged in the deed.' . . . Furthermore, even though the promise to perform the duties was oral 'because there had been full performance on one side (payment of purchase price and acceptance of possession and deed) the transaction was outside the Statute of Frauds.'. . . 'Similarly, the doctrine of caveat emptor does not apply in a situation where the builder is to perform work after the closing of the transaction.' " *Id.*

However, this court is bound by the Supreme Court's decision in *P.B.R. Enterprises v. Perren,* 243 Ga. 280 (253 SE2d 765) (1979), where that court held that an oral one-year warranty on a house which was never reduced to writing was unenforceable. In the present case, therefore, we determine that the verbal warranties alleged in the complaint guaranteeing the furnace, vacuum system and oven are likewise unenforceable.

As to the remaining oral promises, with all conflicts of facts being resolved against the movant, we cannot rule as a matter of law that they do not fall within the exceptions to the "merger" rule or the Statute of Frauds, or that Grant was bound by the doctrine of caveat emptor. Therefore, the grant of summary judgment was improper as to these promises.

2. Grant contends that Aulicky made fraudulent representations concerning the condition of the roof and fireplaces of the home. The defects in the roof were known to Grant prior to purchasing the house. He had noticed water spots on the ceiling of the house but had been assured "that that had been taken care of" by Aulicky. Grant testified in his deposition, "I had Mr. Aulicky's word that that there was nothing wrong with the roof . . . that it was strong, that it was well built and that it would be good for years to come . . . I told him that I would be asking for a one-year guarantee from the time of the closing on the major appliances in the house and the roof . . . Mr. Aulicky just assured me that the roof did not leak and that it would be good for several years to come, and we went to the closing with the understanding that I was going to ask for a year's guarantee. Well, as it turned out, we did not get the written — the agreement in writing as I anticipated, although we discussed it in the attorney's office at closing."

Grant contends he was informed by Aulicky that the fireplaces functioned properly and were in good working order and that nothing was wrong with them. When Grant asked Aulicky why the rocks on the outside of the fireplace were completely black with smoke, Aulicky informed him that his children had built a fire without using

a fire grate. Grant now claims that Aulicky's statements that the roof had been fixed and did not leak and that the fireplaces worked were fraudulent.

In order to constitute fraud the aggrieved party must show: (1) false representations made by the defendant, (2) that the defendant knew the representations were false, (3) an intention by the defendant to induce the aggrieved party to act or refrain from acting in reliance upon the representations, (4) justifiable reliance by the aggrieved party upon the representations, and (5) damage to the aggrieved party. *Shaw v. Cook County Fed. Sav. &c. Assn.,* 139 Ga. App. 419 (228 SE2d 326) (1976). "In the purchase and sale of real estate there is an underlying principle of law to the effect that one can not be permitted to claim that he has been deceived by false representations about which he could have learned the truth of the matter and could have avoided damage. The above is the general rule. There are only two exceptions to this general rule. One is where the purchaser was prevented by the fraud of the seller or vendor from making an examination of the premises. The other is where an inspection of the premises would not have disclosed the falsity of the misrepresentation." *Westbrook v. Beusse,* 79 Ga. App. 654, 658 (54 SE2d 693) (1949).

A leaking roof and a fireplace which is not properly drafted are defects which could be latent or patent. In the present case in the exercise of ordinary care Grant was alerted to the possibility that these defects existed by seeing water marks on the ceiling and the smoke on the exterior rocks of the fireplace. However, because of Aulicky's allegedly fraudulent statements explaining that both the roof and fireplace were in good condition and functioned properly, he was induced not to perform a test to determine if the roof leaked or to build a fire in the fireplace to determine if the fireplace worked. Under these circumstances we are unable to rule as a matter of law that this case does not fall within the exception to the general rule concerning the diligence of a buyer. The grant of summary judgment was improper concerning the issue of fraud. The judgment of the trial court is reversed as to the issues discussed above.

3. As Grant could have learned the truth of the matter as to whether the dampers were absent from the fireplaces prior to purchasing the house, summary judgment is affirmed as to this claim.

*Judgment affirmed in part; reversed in part. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 16, 1982 —
REHEARING DENIED MARCH 26, 1982.

*Andrew H. Marshall,* for appellants.
*Taylor W. Jones,* for appellees.