## 69549. ROSS et al. v. SMITH.
### (326 SE2d 527)

BANKE, Chief Judge.

Plaintiff Mary Smith brought this action to recover damages for fraud involving a transaction in which she traded her house for one owned by defendant Annie Ross. Also named as defendants were Annie Ross' husband, Clarence White, and the Jefferson Company, a realty firm with which Clarence White had been affiliated as a real estate agent. In this appeal, which follows a jury verdict against them for $26,273 in actual and punitive damages and attorney fees, Annie

and Clarence White contend, among other things, that the trial court erred in denying their motion for a directed verdict.

Evidence was presented showing that Mr. White had represented to Mrs. Smith that the exchange of her house for one owned by Ms. Ross would require her to assume a first mortgage on the new home with payments of $226 per month for 18 years, as well as a second mortgage with monthly payments of $235 for a period of 3-½ years. After the swap was completed, the plaintiff discovered that the amortization periods remaining on the two mortgages were 22 years and 7 years respectively. She also discovered that, apparently because of increases in taxes and insurance premiums, the monthly payments were $248 and $264, respectively. The evidence shows without dispute that the plaintiff made no independent effort whatsoever to determine the terms or the amounts of the two mortgages, despite the fact that she knew the identity of the lenders. *Held*:

1. "It is well-settled in this state, at least, that no cause of action for fraud exists in one who buys or accepts security in land while failing to exercise any diligence for his protection, 'and asserts that he blindly relied on the representations of the seller as to matters of which he could have informed himself.' In such a case, 'it cannot be said that the purchase originated in fraud so much as in the carelessness of the purchaser to exercise ordinary care for his own interest.' *Browning v. Richardson*, 181 Ga. 413, 415 (182 SE 516)." *Third World v. Brewmasters of Augusta*, 155 Ga. App. 352, 355 (270 SE2d 891) (1980). "In the purchase and sale of real estate, there is an underlying principle of law to the effect that one cannot be permitted to claim that he has been deceived by false representations about which he could have learned the truth of the matter and could have avoided damage." *Westbrook v. Beusse*, 79 Ga. App. 654, 658 (54 SE2d 693) (1949); *Grant v. Aulicky*, 161 Ga. App. 817 (290 SE2d 107) (1982). As there is no evidence that a confidential relationship existed between the parties or that Mrs. Smith was prevented by fraud or trick from ascertaining the truth or falsity of the alleged misrepresentations, her lack of diligence bars her from any recovery as a matter of law. Accord *Simmons v. Wooten*, 241 Ga. 518 (246 SE2d 639) (1978). *Zeeman v. Black*, 156 Ga. App. 82 (273 SE2d 910) (1980).

2. By amendment to her complaint, the plaintiff asserted a claim for the tort of intentional infliction of emotional distress. "Georgia law recognizes that tort, but before a recovery for such may be authorized, the defendant's actions must have been outrageous, ' "so terrifying or insulting as naturally to humiliate, embarrass or frighten the plaintiff." *Ga. Power Co. v. Johnson*, 155 Ga. App. 862, 863 (274 SE2d 17) (1980).' *Thomas v. Ronald A. Edwards Constr. Co.*, 163 Ga. App. 202, 204 (293 SE2d 383) (1982)." *Davis v. Aetna Cas. &c. Co.*, 169 Ga. App. 825, 828 (314 SE2d 913) (1984). The alleged misrepre-

sentations by the defendants in this case as to the terms of the mortgages clearly did not constitute such conduct. It follows that the defendants' motion for directed verdict should have been granted.

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED JANUARY 18, 1985 —
REHEARING DENIED JANUARY 30, 1985 —

*Lee R. Grogan, Jr., Lynn L. Grogan*, for appellants.
*Carlton Henson, Kenneth M. Henson, Jr.*, for appellee.