## 42041. SMITH v. ROSS et al.
(336 SE2d 39)

SMITH, Justice.

A Muscogee County jury awarded the appellant, Mary Smith, damages for fraud stemming from a transaction arranged by appellee Clarence White in which she traded her house for one owned by appellee Annie Ross White. The Court of Appeals reversed the trial court's denial of the appellees' motion for a directed verdict. *Ross v. Smith,* 173 Ga. App. 384 (326 SE2d 527) (1985). We granted certiorari to determine whether the Court of Appeals erred in finding that no confidential relationship existed between the appellant and Clarence White. We reverse and reinstate the jury verdict.

In late summer or early fall of 1980, the appellant, a 48-year-old woman who graduated from high school in 1980, met Clarence White in a grocery store in Columbus, Georgia. The appellant was looking

for a larger house than the one that she owned on Amos Street. Mr. White had previously acted as a real estate agent, employed by the Jefferson Company, in three transactions in which the appellant had bought houses and in one in which she had sold a house. These transactions constitute the only evidence in the record of any business dealings by the appellant. The appellant asked Mr. White if he could help her find a new, larger house, and he said that he would look around for her.

Mr. White testified that at that time, he was living in a state of common-law marriage with his present wife and fellow appellee, Annie Ross White. Mrs. White placed a house on the market with the Jefferson Company later that year. Although Mr. White had left the Jefferson Company, and had quit acting as a real estate agent, he knew about Mrs. White's house, and suggested that the appellant drop by and see the house.

The appellant and one of her daughters went to see the house, which was located on Bolton Avenue. She called Mr. White back and told him that she liked the house. He told her that payments on the first mortgage on the house would be $226 for 18 years, and that payments on the second mortgage would be $235 for three years. He later told the appellant that Annie Ross White would exchange the Bolton Avenue house for the appellant's Amos Street house.

The appellant discovered, after the transfer had taken place, that payments on the first mortgage would actually be $248 over 22 years, and $264 over seven years for the second mortgage. She also claimed to have discovered that payments on the second mortgage were behind schedule. After the trial judge denied the appellees' motions for directed verdicts, the jury awarded the appellant actual damages, damages for duress, punitive damages, and attorney fees.

The evidence in this case must be construed in favor of the party opposing the motion for directed verdict, the appellant. *Francis v. Cook*, 248 Ga. 225 (281 SE2d 548) (1981). Construing the evidence in this manner, we must determine if the evidence has created an issue of fact as to a material issue in the case. *Mayor &c. of Savannah v. Palmerio*, 242 Ga. 419, 421 (249 SE2d 224) (1978).

The evidence presented in this case raises a question of fact as to whether Mr. White failed to disclose to Mrs. Smith, the buyer, the common-law marriage that existed between himself and Ms. Ross, the seller. This relationship, in light of Mr. White's actions, constitutes a "particular" circumstance from which the jury could find an "obligation to communicate," and thus fraud. OCGA § 23-2-53. The Court of Appeals should have affirmed the trial court's denial of the appellees' motions for directed verdicts.

*Judgment reversed. All the Justices concur, except Hill, C. J., who concurs specially, and Marshall, P. J., and Clarke, J., who*

*dissent.*

HILL, Chief Justice, concurring specially.

I concur in the judgment. See *Benson v. May,* 149 Ga. 555 (1) (101 SE 177) (1919).

DECIDED NOVEMBER 6, 1985 —
RECONSIDERATION DENIED NOVEMBER 27, 1985.

*Henson & Henson, Kenneth M. Henson, Kenneth M. Henson, Jr.,* for appellant.

*Grogan, Rumer & Gunby, Lee R. Grogan, Jr., Hirsch, Beil & Partin, Lynn L. Grogan,* for appellees.