74000. LANGDON v. OWENS-CORNING FIBERGLAS CORPORATION.
(354 SE2d 194)

DEEN, Presiding Judge.

Ronald Langdon, the plaintiff's deceased husband, was a welder who was electrocuted while working outside appellee's Trumbull Asphalt Plant in Atlanta. His body was discovered with a welding rod in one hand and a striker in the other. His clothing and work gloves were wet because it had been raining. The Fulton County Medical Examiner noted a bare, uninsulated spot on an electrical cord leading to the welding machine. The appellant does not know if the bare spot could have caused Langdon's death. An OSHA inspector visited the site the following day and did not notice the presence of the bare spot on the cord.

Mrs. Langdon brought an action against appellee alleging negligence in failing to provide safe premises and equipment and that the defendant intentionally moved or tampered with the bare wire, thereby causing injury to the plaintiff's peace, happiness and feelings through the intentional infliction of emotional distress. Mrs. Langdon appeals the grant of summary judgment in favor of Owens-Corning. *Held*:

There was no evidence presented which would support a cause of action for intentional infliction of emotional distress. Appellant claims only that the defendant covered or removed an uninsulated spot on a wire after her husband was killed. Georgia recognizes the stated cause of action as a tort, but a recovery is authorized only where the defendant's actions are so outrageous, " 'so terrifying or insulting as naturally to humiliate, embarrass or frighten the plaintiff.' [Cits.]" *Ross v. Smith*, 173 Ga. App. 384, 385 (326 SE2d 527) (1985). The alleged act by the defendant clearly did not constitute such conduct.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 23, 1987.

*William H. Smith, Jr.*, for appellant.
*William G. Leonard, Daryll Love*, for appellee.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*