A89A1605. SMITH v. CLIFFORD H. PRYOR & ASSOCIATES, INC.
(388 SE2d 383)

DEEN, Presiding Judge.

Appellant Smith fell and injured himself as he approached the side entrance to a Wendy's restaurant in Thomson, Georgia, where he and his family had stopped while en route from North Augusta, S. C., to Decatur, Ala. The parking lot was in the rear, and the Smiths were walking along a paved driveway next to the building when, he claims, he slipped on what he characterized as a wet, oily spot where rain water, possibly mixed with asphalt which had melted in the sun, had dripped from the roof onto the pavement. His daughter summoned aid from the restaurant, and the assistant manager wrapped appellant's bleeding arm in towels and had a restaurant employee drive appellant to a hospital, where the laceration and abrasions on his arm were treated. Examination of the place where Smith fell revealed no oily or slippery spot, and appellees disavowed any prior knowledge of such a spot. At the hospital Smith complained of headache, dizziness, and blurred vision but was dismissed to continue his trip. Wendy's paid the bills for this hospital visit. Subsequent medical consultations revealed symptoms possibly consistent with a blow to the head such as appellant claimed to have suffered when he fell to the pavement.

Smith subsequently filed an action against appellant Clifford H. Pryor & Associates, holders of the Wendy's franchise, alleging that he had been injured because of defendant/appellee's negligence. In the first of two amended complaints he alleged that appellee was further negligent in setting up a distraction in the form of vehicles entering the driveway on the inner edge of which appellant was walking; in the second amended complaint appellant alleged that he was entitled to recover medical expenses and lost earnings. At trial he withdrew the distraction theory and proceeded on the negligence theory only. There was conflicting testimony as to how much time appellant lost from work during the six months or so following the injury; it was undisputed that he returned to work on the day after he returned from the trip, or the sixth day after the injury. The jury found for the defendant. On appeal Smith enumerates as error the denial of his motion for new trial and his amended motion for new trial. *Held*:

The general rule is that a jury verdict, after approval by the trial court, will not be disturbed on appeal if it is supported by any evidence. *Denny v. D. J. D., Inc.*, 188 Ga. App. 431, 433 (373 SE2d 383) (1988); *Branch v. Anderson*, 47 Ga. App. 858 (171 SE 771) (1933). In the instant case competent evidence was adduced to support appellee's contentions that there was no slippery spot or other indication of negligence, that appellee had not breached its duty of ordinary care in keeping the premises safe, and that there was no necessary causal relationship between appellant's injury and the fact that it occurred on appellee's property. Compare *Cobb v. Popeye's, Inc.*, 188 Ga. App. 443 (373 SE2d 233) (1988), in which there was evidence that employees of the fast food restaurant knew of the presence of grease on the pavement adjacent to the restaurant. After review of the entire record of the instant case, including the trial transcript, we are persuaded that the trial court did not err in denying appellant's motion for new trial.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED NOVEMBER 1, 1989 —
REHEARING DENIED NOVEMBER 14, 1989 —

*David C. Huguenin*, for appellant.
*Dye, Miller, Tucker & Everitt, Mark W. Wortham, Duncan D. Wheale*, for appellee.