A90A1650. HORAN v. PIRKLE.
(397 SE2d 734)

BIRDSONG, Judge.

Appellant, Betty Horan, appeals the final judgment and decree entered against her in the action for theft and conversion brought by appellee, Omergene C. Pirkle.

This action arises from the averred taking of certain personal property of appellee's deceased husband who was appellant's brother. *Held*:

1. Appellant alleges the trial court erred in admitting in evidence certain hearsay testimony under the provisions of OCGA § 24-3-8. Appellant asserts, inter alia, that the statements of the deceased were inadmissible, because they were made while litigation actually was pending and not merely with a view toward litigation. Pretermitting the question whether the trial judge breached his discretion in admitting the deceased's statements, as deceased and appellee had a divorce action pending at the time the statements were made, is the question whether appellant has preserved her right to appeal this particular issue by posing a timely and specific objection thereto before the trial court.

The trial record reflects the following pertinent colloquy: "[APPELLEE]: I called my husband at [appellant's] . . . and asked him if he took it. He said he didn't take a damn thing. . . . [APPELLANT'S COUNSEL]: Your Honor, I think . . . this is all hearsay. If we're go-

ing to get into what Mr. Pirkle said we're going to have a lot of testimony. . . . THE COURT: I think she can do that if it's a declaration against his interest but go ahead. This will make it a little bit clearer. [APPELLEE'S COUNSEL]: I'm not getting into that anyway." Thereafter, appellant posed no additional comments regarding the testimony that deceased had denied taking the property.

If the comment of appellant's counsel was intended to raise a timely, specific objection to the above testimony, it was not in proper form and apparently was misleading to the trial court who did not expressly rule thereon. Compare *Gully v. Glover*, 190 Ga. App. 238, 241 (4) (378 SE2d 411). Moreover, after the trial judge announced his preliminary interpretation of the evidence in question, appellant failed to pose a specific objection to the testimony, did not assert that the evidence failed to qualify as a declaration against interest, and in essence acquiesced by silence in the trial court's evaluation of the nature of the evidence received. " 'One cannot complain of a judgment, order, or ruling that his own procedure or conduct aided in causing.' " *Stephenson v. Wildwood Farms*, 194 Ga. App. 728, 729 (2) (391 SE2d 706). Moreover, assuming arguendo error had occurred in the admission of this particular evidence, we believe it was not inconsistent with appellant's theory of defense, and that any error was harmless within the meaning of OCGA § 9-11-61.

Subsequently, an additional statement of the deceased was offered in evidence and the following colloquy occurred: "[APPELLEE'S COUNSEL]: Mrs. Pirkle, did you have any other discussions with Mr. [Pirkle] about missing items? . . . THE COURT: I think under the case law she can — if it was a declaration against his interest, which apparently it was — I take it he's going to say he took the items or whatever. [APPELLEE'S COUNSEL]: Yes, sir. THE COURT: All right. Go ahead. [APPELLANT'S COUNSEL]: Your honor, again, I would like to object *on the basis that he is not a party.* . . . I agree that it was a declaration against interest in a party, there's no question about it. These are separate parties in this group. We can't be responsible for what he may have said. THE COURT: I understand. But I think in fact if he was a party — [APPELLANT'S COUNSEL]: I don't see how it — THE COURT: — that we couldn't do it. We'll allow it. Go ahead." (Emphasis supplied.)

Appellant's objection to this particular testimony clearly was based on the sole ground that the declarant was not a party in the case sub judice. The trial court did not err in overruling this specific objection, as it is not necessary for purposes of OCGA § 24-3-8 that a declarant be a party or in privity with a party. Compare *Field v. Boynton*, 33 Ga. 239 and *Massee-Felton &c. Co. v. Sirmans*, 122 Ga. 297 (50 SE 92); Green, Ga. Law of Evid. (3d ed.), Admissions, § 240.

Appellant did not pose a timely objection at trial to the de-

ceased's statement on the specific grounds now asserted in her brief. "Thus, in regard to these new matters, there is nothing for us to review . . . since appellant failed to make [her] objection at trial on the specific ground [s]he now attempts to raise on appeal." *Gully v. Glover*, supra at 242; accord *Dairyland Ins. Co. v. McIntosh*, 171 Ga. App. 782, 783-784 (321 SE2d 110). Accordingly, this enumeration of error is without merit.

2. Appellant asserts that the trial court erred in failing to direct a verdict in her favor, in failing to set aside the verdict for appellee, and in denying appellant's motion for a new trial.

To the extent that this enumeration is premised on error allegedly committed by the introduction of hearsay testimony regarding statements made by Mr. Pirkle, now deceased, it provides appellant no relief. See Division 1, above.

Regarding appellant's assertion of insufficiency of evidence: " ' "The standard of appellate review of the trial court's denial of a motion for a directed verdict is the 'any evidence' standard" ' " (*Clemons v. Allstate Ins. Co.*, 193 Ga. App. 489 (2) (388 SE2d 357)), and "[t]he evidence . . . must be construed in favor of the party opposing the motion for directed verdict" (*Smith v. Ross*, 255 Ga. 193, 194 (336 SE2d 39)). Additionally, "[a] . . . judge's denial of a motion for new trial on evidentiary grounds will be reversed on appeal only if there is no evidence to support the verdict." (Citations, punctuation and emphasis omitted.) *Estfan v. Poole*, 193 Ga. App. 507, 509 (1) (c) (388 SE2d 373). Finally, a jury verdict, after approval by the trial court, and the judgment thereon will not be disturbed on appeal if supported by any evidence, in the absence of any material error of law. *Archer Motor Co. v. Intl. Bus. Invest.*, 193 Ga. App. 86, 88 (2) (386 SE2d 918); *Smith v. Clifford H. Pryor &c.*, 193 Ga. App. 523, 524 (388 SE2d 383). Examining the record in the light most favorable to the verdict and judgment, we are satisfied that the trial court did not err in its rulings, and that the judgment and verdict are amply supported by competent evidence of record.

Appellant's other assertions are without merit.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 3, 1990.

*Westmoreland, Patterson & Moseley, Thomas H. Hinson*, for appellant.

*Thomas F. Jarriel*, for appellee.