A91A0157. LESTER et al. v. BIRD et al.
(408 SE2d 147)

POPE, Judge.

Plaintiffs/appellants Jess C. Lester and Debra E. Lester appeal the trial court's directed verdict for defendants/appellees on their claims against defendants stemming from insect damage to the subject property.

In 1984, defendant Dorothy L. Bird n/k/a Dorothy L. Bird Moon in contemplation of selling her home in Buckhead, Georgia, ordered a termite inspection of the property. That inspection revealed prior termite infestation and the need for termite treatment, which was performed. In 1986, Bird listed her property for sale with defendant Madison Realty, through its agent, Elizabeth Prior. At the time of the listing, Bird gave to Prior a document she had received from the company that performed the termite treatment in 1984. The undisputed evidence showed that both Prior and Bird thought that document was a "termite bond."

After Madison Realty was unsuccessful in selling the property over a period of several months, Bird removed it from the market. Bird then relisted the property with Madison Realty through Prior in 1988. Later that year, Bird also employed defendant Crown Auctions, Inc., to market and auction the property in conjunction with Madison Realty.

A friend of plaintiffs told them about the auction of the property. Plaintiffs first looked at the property the Sunday before the property was auctioned the following Saturday. Before plaintiffs obtained the property at auction, they visited it three times. Plaintiffs did not employ a professional inspector to inspect the property either before plaintiffs purchased it at auction or during the more than 40-day pe-

riod after plaintiffs had signed the sales contract but before the closing occurred. During plaintiffs' visits to the property before the auction, plaintiffs performed walk-through inspections of the property, but did not attempt to examine the crawl space area underneath the house, because plaintiffs testified at trial that it was either boarded or bricked closed. Plaintiffs further testified that they did not examine the crawl space area of the house because Prior and/or Dan Jackson, agent of Crown Auctions, assured them that there was no termite damage and no reason to examine that area.

Plaintiffs testified that at the auction they received a brochure on the property. In that brochure in a section titled "Real Estate Bidder Information," the brochure contained the following caveats: "All information contained in the brochure was derived from sources deemed to be correct, but is not guaranteed. . . . ALL PROPERTIES SELL AS IS. . . . CROWN AUCTION AND ITS AGENTS ARE REPRESENTING THE SELLERS IN ALL TRANSACTIONS." Plaintiffs were the successful bidders at auction. The sales contract signed that day warranted only that the seller would transfer good and marketable title to the purchaser. The sales contract did not contain any provision or contingency relating to termite inspection and treatment that would allow plaintiffs to cancel the sales contract.

At the closing of the property, Bird made available to the plaintiffs an official Georgia wood infestation inspection report prepared by Cleary Pest Control, Inc., the same company that had inspected and treated the property in 1984. The report given to the plaintiffs at closing stated that there was no active infestation of subterranean termites, powder post beetles, wood boring beetles, dry wood termites or wood decaying fungus, but said that their inspection revealed previous infestations of subterranean termites and powder post beetles. The report also stated that the property had been treated for subterranean termites and powder post beetles on January 4, 1989, six days before the closing.[1] Plaintiffs became concerned about the purchase and unsuccessfully attempted to contact their attorney before proceeding with the closing. When plaintiffs were informed by Prior and Jackson that the contract did not contain a provision that would allow them to refuse to close based upon the termite inspection report that they received, plaintiffs decided to close on the property.

Shortly after purchasing the property, plaintiffs hired a contractor to remodel the kitchen. When the contractor began his work, he discovered substantial termite damage in the property. In the course

---

[1] Plaintiffs testified that they were not provided with part of the termite inspection report at the closing. Plaintiffs do not dispute, however, that they received information at the closing that put them on notice that there had been prior infestation of wood damaging insects.

of the work, it was also discovered that portions of the house were propped up with wood, stacks of stones and bricks, and railroad ties. Plaintiffs also discovered that the property was not serviced by a septic tank or by the well located on the property as had been represented to them by Prior and/or Jackson.

Plaintiffs filed suit against defendants Bird, Madison Realty and Crown Auctions on May 8, 1989. In the complaint, plaintiffs asserted claims against the defendants for fraud, conspiracy to defraud, and negligent misrepresentation. On July 27, 1990, plaintiffs amended their complaints to add a claim for mutual mistake. A jury trial was conducted in this case on July 30 and 31, 1990.

After the plaintiffs presented their evidence, the trial court encouraged the parties to settle their claims and a satisfactory settlement was reached on the claims stemming from the well. Although it appeared at trial that a settlement had been reached concerning the septic tank as well, because the trial court's ruling on that claim did not conform to the evidence, as it purported to do, that claim is still unsettled. The trial court directed a verdict for the defendants on all claims arising from insect damage on the property. Plaintiffs appeal the directed verdict on their claims stemming from insect damage to the property and seek to have this court either reform the settlement concerning the septic tank to the evidence or remand it to the trial court for resolution.

1. The court will first address whether the trial court properly granted a verdict for defendants on all plaintiffs' claims against them stemming from insect damage to the property. A directed verdict is proper when "there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict . . . ." OCGA § 9-11-50 (a). "On appeal from an order directing a verdict, the question before this court is whether the evidence was without conflict as it pertains to the material issues in the case and, thus, when viewed in a light most favorable to the losing party, demanded the verdict ordered." *Aldridge v. Dixie &c. Co.*, 223 Ga. 130, 131 (153 SE2d 723) (1967).

As to their claim based on mutual mistake, plaintiffs allege that when defendant Bird and plaintiffs entered into the contract they all thought that the property was free from termite damage, therefore, the sales contract was the product of mutual mistake of fact. The undisputed evidence showed that as early as 1984, Bird knew that her home had to be treated for certain wood destroying insects. The evidence also showed that because she had treated her home in 1984 for subterranean termites and powder post beetles, she did not think the prior infestations were a problem or would hinder the sale of her home. Furthermore, the undisputed evidence shows that plaintiffs knew some of the wood in the porch area was damaged and that they

were put on notice on the day of the closing, but before the sale was closed, that there had been previous infestations of subterranean termites and powder post beetles. Construing the evidence in the light most favorable to plaintiffs, it reveals only a unilateral mistake by plaintiffs in that plaintiffs did not know there was any damage to the property from wood destroying insects at the time they signed the contract for sale. " 'Relief is not available on the basis of a unilateral mistake in the absence of fraud or inequitable conduct or other special circumstances. (Cit.)' [Cit.]" *Sepulvado v. Daniels Lincoln-Mercury,* 170 Ga. App. 109, 111 (3) (316 SE2d 554) (1984). The trial court correctly directed a verdict on plaintiffs' claim based on mutual mistake.

The question remains whether the trial court properly directed a verdict on plaintiffs' fraud and negligent misrepresentation claims against defendants. The elements of a fraud claim are: (1) false representations made by the defendant; (2) that the defendant knew the representations were false; (3) an intention by the defendant to induce the aggrieved party to act or refrain from acting in reliance on the representations; (4) justifiable reliance by the aggrieved party on the representations; and (5) damage to the aggrieved party. *Shaw v. Cook County &c. Assn.,* 139 Ga. App. 419, 420 (228 SE2d 326) (1976). A fraud claim can also be supported under Georgia law, even when the party does not know his statement is false if the false statement was recklessly made by the defendant. See *Clements v. Warner Robins Supply Co.,* 235 Ga. 612, 614 (221 SE2d 35) (1975). The conduct that gives rise to plaintiffs' fraud and negligent misrepresentation claims is that they were assured by Prior and Jackson that there was no termite damage to the property and that there was no reason for them to check the crawl space underneath the property.

The law in Georgia is well-settled that " '[i]n the purchase and sale of real estate there is an underlying principle of law to the effect that one cannot be permitted to claim that he has been deceived by false representations about which he could have learned the truth of the matter and could have avoided damage. The above is the general rule. There are only two exceptions to this general rule. One is where the purchaser was prevented by the fraud of the seller or vendor from making an examination of the premises. The other is where an inspection of the premises would not have disclosed the falsity of the misrepresentation.' *Westbrook v. Beusse,* 79 Ga. App. 654, 658." *Grant v. Aulicky,* 161 Ga. App. 817, 819 (290 SE2d 107) (1982). Accord *Ross v. Smith,* 173 Ga. App. 384 (326 SE2d 527), rev'd on other grounds, 255 Ga. 193 (336 SE2d 39) (1985). Except in plain and indisputable cases, questions of fraud and whether a plaintiff could have protected himself through the exercise of ordinary diligence are questions for a jury. *Thomson v. Walter,* 160 Ga. App. 542, 543 (1) (287 SE2d 562) (1981).

The trial court correctly directed a verdict on plaintiffs' fraud claim. Plaintiffs' claims that the fraud and negligent misrepresentations of defendants prevented them from making an examination of the premises must fail as a matter of law under the facts of this case. Although plaintiffs inquired about the crawl space area, there is no evidence that the plaintiffs attempted to enter the crawl space area or that they undertook any independent investigation to ascertain why certain wood was damaged in the porch area or if Prior's and Jackson's representations were correct. There was no fiduciary or other special relationship between plaintiffs and Prior and Jackson that would justify plaintiffs blind reliance on the statements made by Prior and Jackson. In fact, plaintiffs were experienced in real estate transactions and knew both Prior and Jackson represented the seller. In this case, " 'it can not be said that the purchase originated in fraud so much as in the carelessness of the purchaser to exercise ordinary care for his own interest.' *Browning v. Richardson*, 181 Ga. 413, 415 (182 SE 516) [(1935)]." *Third World, Ltd. v. Brewmasters of Augusta*, 155 Ga. App. 352, 355 (270 SE2d 891) (1980). Plaintiff's lack of diligence bars their recovery as a matter of law. For these reasons, the trial court's directed verdict on plaintiffs' insect damage claims was appropriate.

2. With regard to plaintiffs' claim against defendants concerning the lack of a septic tank on the property, clearly the parties did not agree to settle those claims for $1,500, as set forth in the trial court's order on motion for directed verdict. This court's review of the record reveals that the trial court thought that the amount stated in its order on motion for directed verdict was sufficient to install the number and type of septic tanks recommended by the Morgan County Health Department. The only evidence concerning the recommendations of the Morgan County Health Department for the property is that the department recommended two one-thousand gallon tanks. The evidence further showed that the lowest estimate for the installation of two one-thousand gallon septic tanks is $3,000 ($1,500 each). Defendants do not dispute that they agree to settle this claim. We, therefore, remand this case to the trial court with direction that it correct its findings in its order regarding the septic tank claim to conform that ruling to the evidence. See *Palm Restaurant &c. v. Prakas*, 186 Ga. App. 223, 227 (8) (366 SE2d 826) (1988).

*Judgment affirmed and case remanded. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JULY 8, 1991.

*Martin D. Chitwood & Associates, Martin D. Chitwood, Craig G.*

*Harley*, for appellants.

*Scott & Quarterman, Russell T. Quarterman, Bradley S. Wolff, Martin L. Fierman*, for appellees.