A91A1184. PURSER TRUCK SALES, INC. v. PATRICK.
(410 SE2d 335)

BIRDSONG, Presiding Judge.

Tawana Patrick filed suit against appellant Purser Truck Sales, Inc., asserting that appellant charged her a usurious rate of interest for a used car, and wrongfully repossessed that vehicle. The jury rendered a verdict for Patrick of $6,500. Purser Truck Sales asserts four errors below. *Held*:

Appellant Purser Truck Sales submits a misleading statement of the case on appeal, indicating that the issues resolved by the jury were whether the rate of interest charged by appellant was usurious and whether the repossession was wrongful on that account. Appellant contends on appeal that the 28.66 percent interest on the sale price of $5,000 was not usurious according to OCGA §§ 10-1-33 (d) and 7-4-3 (a) (2).

The appeal will be addressed in the posture in which it was litigated. The record and transcript show that the trial court with agreement of counsel removed the issue of usury from the trial, because Patrick would not have been entitled to recover an interest forfeiture inasmuch as she had not paid any interest. The evidence shows that Patrick purchased a Toyota vehicle from appellant, by paying $1,384 down and financing $5,000 at an agreed 28.66 percent interest; appellant required her to procure insurance on the car and she did, supplying Purser with a policy for liability coverage which Purser read

before allowing her to take possession of the car. The car was damaged on the passenger side before the first payment was due, and Patrick got an estimate from Sparks Paint and Body Shop in the amount of $940; she then drove the car to appellant's business so as to make her first payment, but appellant took the car and would not let her have it back. Purser's reason for taking the car was that he disapproved of Sparks' estimate and he did not want Sparks to do the repair; he preferred that the local Toyota dealer repair the car. The Toyota dealer made an estimate of $1,600 and repaired the car for Purser. The total amount of all repairs was $1,600. Patrick was first told that she could not get the car back until she obtained collision insurance, but when she complied with this dictate and attempted again to submit a payment and retrieve the car, Purser advised she would have to pay $1,600. Tawana Patrick could not afford to pay $1,600. Purser sold the car, but he did not offer to refund Patrick the $1,384 down payment. Patrick, who was in nursing school, traveled in taxi cabs, for she could not afford a rental car. She gave evidence that a rental price for a substitute vehicle would be $20 per day, at 485 days, for a total claim of $9,700.

The trial court disposed of Patrick's usury claim on grounds she had never paid any interest and so could not recover a forfeiture of interest. The case was submitted to the jury on the issue of wrongful repossession, recovery if warranted being based on a fair replacement (rental) cost, less the sum spent by Purser on repairs.

The record shows appellant never requested, and the trial court never granted, a directed verdict, and the issue of usury was not submitted to the jury. When the trial court advised the jury that the claim of usury was no longer in the case, thus dismissing one of plaintiff's claims, the trial court did say to the jury that the interest rate charged by appellant was usurious because the law allowed no more than 15 percent, but appellant did not object to this statement, and agreed moreover that it was a "fair statement." In fact appellant never objected to the trial court's statement that 28.66 percent interest was usurious. During closing argument, Patrick's counsel remarked that Patrick was in court because Purser "was charging . . . 28.66 percent when the law allows 15 percent." Appellant's counsel objected to this remark and said: "Of course, our contention was that [the legal rate] was 17 percent." The trial court said it had ruled the legal rate was 15 percent, and appellant said naught. The court charged the jury on Patrick's claim for wrongful repossession and appellant's counterclaim for cost of repairs. After the jury charge, appellant's counsel registered an exception "as to the directed verdict" on grounds that the interest was not usurious according to OCGA § 7-4-3 (b).

The trial court's statement that the interest rate was usurious

was not germane because the trial court removed the usury claim. The sole objection made by appellant was that the legal rate was not 15 percent but was 17 percent; appellant thus agreed that the interest rate of 28.66 percent was usurious. After the jury was charged as to wrongful repossession and appellant's counterclaim for cost of repairs, appellant changed its prior position and objected that under OCGA § 7-4-3 the parties could agree to any interest in this case of a motor vehicle sale exceeding $5,000. At this point, there was no usury claim extant.

To answer the enumerations of error posed by appellant: if the trial court erred in (1) determining as a matter of law that the only legal rate of interest that could have been charged under the sales contract for the motor vehicle was 15 percent, and (2) in ruling that the interest rate charged was "clearly usurious," and (3) in informing the jury of its determination that the interest rate was clearly usurious, resulting in clear harm and prejudice to the defendant, nevertheless appellant made no objection to such errors. Appellant approved the trial court's ruling as a "fair statement"; and stated its "contention was that [the legal rate] was 17 percent." We conclude that if any harm or prejudice accrued to appellant on account of the trial court's gratuitous ruling that the 28.66 percent rate was usurious, it is appellant who induced such error and harm by agreeing that this was "a fair statement," and by agreeing in court that the sales contract was usurious since the legal rate allowed was 17 percent, not 15 percent. It is well settled that a party who has himself induced what he subsequently assigns as error will not be heard to complain of it on appeal. *Annis v. Tomberlin &c. Assoc.*, 195 Ga. App. 27, 34 (392 SE2d 717). By acquiescing in the ruling that the 28.66 percent interest rate was usurious and failing to make any proper objection that was not misleading, appellant induced any error and any prejudice. Moreover, the error complained of on appeal was not inconsistent with appellant's own theory, which was that 17 percent was the highest rate allowed by law; appellant cannot complain on appeal. See *Horan v. Pirkle*, 197 Ga. App. 151, 152 (397 SE2d 734).

In its final enumeration of error, appellant asserts "the court erred in permitting a recovery for the plaintiff on the undisputed proof that the parties entered a written financing agreement for a motor vehicle for $5,000 or more, that the plaintiff breached the contract, by submitting a wrongful repossession issue to the jury in light of the court's rescission of the contract on the basis of usury, the plaintiff claiming rental car expenses from the repossession through the date of trial." This confused statement does not present a clear allegation of error. Giving it a reasonable construction, we conclude appellant is contending that plaintiff was not entitled to recover for wrongful repossession because there never was a sale; that is, that the

trial court allegedly rescinded the sales contract on the basis of usury. However, the trial court did not rescind the sales contract; it ruled that Patrick had never paid any interest before appellant repossessed the car; but she had made a down payment of $1,384 and attempted to make payments, and if the jury determined the car was wrongfully repossessed, plaintiff might be entitled to recover damages. Appellant did not object to this assessment of the issues by the trial court as it was presented to the jury and cannot complain on appeal. Id. The jury was polled and stated that its verdict of $6,500 against appellant was reached under the evidence of reasonable rental cost offset by the amount claimed by appellant for repairs. The award was within the evidence.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED SEPTEMBER 5, 1991.

*Bennett T. Willis, Jr.*, for appellant.
*Brown, Katz, Flatau & Hasty, S. Phillip Brown*, for appellee.