A99A1607. MOGHANGARD et al. v. KESHAVARIZ et al.
(520 SE2d 59)

BLACKBURN, Presiding Judge.

In this partnership dispute, Max and Shahrzad Moghangard, appeal from a jury verdict finding them liable to Siamek and Soraya Lamei pursuant to an oral partnership agreement entered by them. On appeal, the Moghangards contend that the trial court erred in denying their motion for new trial on the grounds that the evidence was insufficient to support the verdict against Shahrzad specifically. For the reasons set forth below, we affirm.

"[A] judge's denial of a motion for new trial on evidentiary grounds will be reversed on appeal only if there is no evidence to support the verdict." (Punctuation omitted.) *Horan v. Pirkle*, 197 Ga. App. 151, 153 (2) (397 SE2d 734) (1990). "In the absence of legal error, an appellate court is without jurisdiction to interfere with a verdict supported by some evidence, even where the verdict may be against the preponderance of the evidence." (Punctuation omitted.) *Kemira, Inc. v. Williams Investigative &c. Svcs.*, 215 Ga. App. 194, 197 (1) (b) (450 SE2d 427) (1994).

Viewed in the light most favorable to the verdict, the record shows that the Moghangards and the Lameis were clothing vendors at the Atlanta Apparel Mart.[1] For economic reasons, the Moghangards and the Lameis decided to consolidate their businesses, forming a partnership for a business they named D'Zone. The parties, who had previously conducted their businesses from separate showrooms, began to operate from a single showroom. During the life of

[1] Shahrzad also owned a jewelry business along with her brother which was also located in the Atlanta Apparel Mart.

the partnership, Shahrzad invested a significant amount of money into the business.[2] Subsequently, the Lameis and the Moghangards decided to dissolve the partnership, and the Lameis orally agreed to purchase the Moghangards' interest. Following this agreement, the Moghangards locked the Lameis out of the showroom in which they had been working, and the Moghangards demanded additional money for their share in the partnership. The Lameis then sued the Moghangards for damages and conversion, and a jury returned a verdict in their favor.[3]

On appeal, the Moghangards contend that there was no evidence on which the jury could determine that Shahrzad was a partner and could therefore be liable for partnership debts to the Lameis.[4] This contention is misplaced.

The evidence showed that, although Shahrzad was not privy to the original discussions in which the partnership was proposed, she did play a role in its operations. In response to a question whether she was a partner, Shahrzad answered equivocally: "Me and my husband, it doesn't make any difference, but I invest money in that business." When the partnership attempted to incorporate, Shahrzad was listed as the Chief Executive Officer on the business license. In addition, Shahrzad was an authorized signer on D'Zone's bank account. When asked about this, Shahrzad testified: "Because I invested money towards the business, I wanted to have something to do with it." A number of checks issued from the partnership were made payable to Shahrzad and were identified as "salary" in the "for" lines.[5] Furthermore, Shahrzad participated in the negotiations for dissolution of the partnership. Finally, Shahrzad assisted D'Zone in selling and distributing its merchandise at road shows.

Based on this evidence, the jury could have determined that Shahrzad was an active partner in the partnership, not merely a passive investor. In addition, there was also some evidence indicating that Shahrzad discussed locking the Lameis out of the showroom with her husband. Therefore, as there was some evidence supporting the jury's verdict in this case, the trial court did not err in denying the Moghangards' motion for a new trial.

Although there was also some evidence in the record supporting the Moghangards' contention that Shahrzad was a passive investor,

---

[2] Although the evidence was disputed, Shahrzad contended that she put at least $40,000, which she characterized as loans, into the business.

[3] Shahrzad counterclaimed for repayment of the loans she claimed she made to the partnership.

[4] Although the Moghangards make no similar argument with regard to Max, the evidence of record supports the jury's verdict against him.

[5] Shahrzad contended that these checks were repayments for loans she made to the partnership.

which the Moghangards argue vehemently, such evidence does not warrant a different result in this case. On appeal, this Court must concentrate on the evidence which supports the verdict, not that evidence which undermines it. *Pirkle*, supra.

*Judgment affirmed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 28, 1999 —
RECONSIDERATION DENIED JULY 21, 1999

*Christopher J. McFadden*, for appellants.
Max Moghangard, *pro se.*
*George Robertson, Jr.*, for appellees.