## 56706. FIRST NATIONAL BANK OF PAULDING COUNTY v. MILLENDER et al.

SHULMAN, Judge.

Appellant brought suit against appellee on promissory notes executed by a corporation and endorsed by appellee. Appellee answered, raising as one of his defenses a claim that his debt was discharged by the order of the bankruptcy court which approved a plan of reorganization of the debtor corporation under Chapter X of the Bankruptcy Act. On the strength of that defense, appellee moved for and was granted summary judgment. This appeal is from the grant of that summary judgment.

The only issue urged by the parties is whether the trial court correctly construed the following language from the bankruptcy court's order: "That all creditors of, claimants against, stockholders of, and persons having or claiming interest of any nature whatsoever in the property and assets of the said Debtor, wheresoever situated or domiciled be, and they hereby are, perpetually enjoined and stayed from pursuing or attempting to pursue or commence any suits or proceedings at law, in equity or otherwise, against the said Debtor or its property or against any nominee, assignee or grantee of said Debtor, or against any person or persons, corporation or corporations, claimed by, under or through it, directly or indirectly, on account of or based upon any right, claim or interest which any such creditor, claimant, stockholder or other person may have had at the date of the filing of the Petition of said Debtor herein under Chapter X of the Bankruptcy Act in, to or against the said Debtor or against its property and assets, except with respect to claims, rights or interest specifically provided for in and arising out of the said Plan or the Orders of this Court."

Appellee insists that the proper construction of the bankruptcy court's order is that appellant is permanently enjoined from seeking recovery from appellee on the note he endorsed. Appellant, of course, contends that the order cannot be so construed. We agree.

1. "The settled doctrine in construing a judgment is to give it, if possible, that construction which renders it valid rather than invalid. [Cit.]" *Landrum v. McGehee,*

116 Ga. App. 507 (1) (157 SE2d 830).

2. "The discharge granted under § 228 (1) [of the Bankruptcy Act] expressly relates only to the liabilities of and interests in the debtor corporation. Section 16 of the Bankruptcy Act provides that 'The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt.' Since there is nothing in § 16 inconsistent or in conflict with the provisions of Chapter X, the section is clearly applicable in reorganization cases. In ordinary bankruptcy, the alteration or relief of a surety's or guarantor's liability 'is not conceived to be a necessity to a discharge of a bankrupt.' Neither is such relief essential under Chapter X to the debtor's reorganization. Consequently, it is well settled that the discharge of claims against a debtor in a reorganization case does not discharge or affect the liability of a co-debtor, guarantor, indorser, insurer, or other surety." 6A Collier on Bankruptcy, ¶ 11.18, pp. 303, 304 (14th Ed. 1977).

"The bankruptcy court can affect only the relationships of debtors and creditor. It has no power to affect the obligations of guarantors." R.I.D.C. Indus. Development Fund v. Snyder, 539 F2d 487, 490, fn. 3 (1976); Commercial Wholesalers, Inc. v. Investors Commercial Corp., 172 F2d 800 (3) (1949). See also First Nat. City Bank v. Kline, 439 FSupp. 726 (3) (1977), holding that even if a creditor failed to expressly reserve its rights against a guarantor in the course of the bankruptcy, it did not thereby forfeit its right to proceed against the guarantor since such a reservation of rights exists without express statement under the specific provisions of § 16 of the Bankruptcy Act.

To construe the order of the bankruptcy court as appellee would have us do would be to attribute to the bankruptcy court a power it lacks. Under such a construction, the order would be void for lack of jurisdiction. In accordance with the rule expressed in *Landrum,* supra, we decline to approve that construction.

3. It is apparent from the record, and in accord with the assertions of the parties, that the grant of summary judgment to appellee was based solely upon the trial

court's construction of the bankruptcy court's order. Having found that the construction contended for by appellee is unacceptable, we hold that the grant of summary judgment was error.

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED OCTOBER 10, 1978 — DECIDED FEBRUARY 2, 1979 — REHEARING DENIED FEBRUARY 15, 1979 — ▮▮▮▮▮▮▮▮▮

*Lane & Sanders, Thomas C. Sanders,* for appellant.
*Mitchell, Mitchell, Coppedge, Boyett, Wester & Bates, Warren N. Coppedge, Crane & Jones,* for appellees.
Sam Millender, *pro se.*