## 58541. GEORGIA REAL ESTATE COMMISSION v. BROWN.

QUILLIAN, Presiding Judge.

Appeal was taken by the Georgia Real Estate Commission from the judgment of the lower court reversing the Commission's order which suspended the real estate license of the appellee Gladys R. Brown.

The following findings of fact were made by the Commission: "(a) On or about March 17, 1975, Willie and Georgia Wyatt entered into a contract to purchase the property located at 2266 Cresta Drive, DeKalb County, Georgia. Respondent Gladys Brown was the broker responsible for this contract.

"(b) On or shortly after the date of the execution of the contract, Brown Realty Associates received the sum of $25.00 as earnest money on the aforesaid contract. Thereafter, on or about April 2, 1975 Brown Realty Associates received a check in the amount of $1,700.00 from the Wyatts as additional earnest money, and this check was deposited into Brown Realty Associates' escrow account. On April 8, 1975, the Citizens and Southern South DeKalb Bank entered a Debit Memorandum charging the Brown Realty Associates' escrow account in the amount of $1,700 because the Wyatt check had been returned for insufficient funds. Respondent Gladys Brown received this Debit Memorandum on or about April 10, 1975.

"(c) Respondent Gladys Brown and her bookkeeper, Mrs. Rebecca C. McMurrian, issued the following written statement: 'TO WHOM IT MAY CONCERN: This is to certify that Willie Wyatt has deposited with Brown Realty Associates, Inc. $1,700.00 additional earnest money (total now on deposit $1,725.00) for the purchase of

the home on 2266 Cresta Drive.' This written statement was dated March 3, 1975, but this was a typographical error. It was issued on and should have been dated April 3, 1975.

"(d) The aforesaid statement issued by Respondent Gladys Brown was transmitted to Baker Mortgage Company, which was processing the Wyatts' loan application. After Respondent Gladys Brown received the notice that Mr. Wyatt's $1,700 check had been returned by the bank, she did not so notify Baker Mortgage Company."

The sole issue presented is whether the appellee's failure to notify the lender of the return of the check constituted a "substantial misrepresentation" within the meaning of Code Ann. § 84-1421 (21) (Ga. L. 1973, pp. 100, 117; as amended through Ga. L. 1974, pp. 379, 381) so as to authorize finding the appellee guilty of an "unfair trade practice." Code Ann. § 84-1421.

The hearing officer, whose opinion was adopted by the Commission, relied on the principle that suppression of a material fact where there is a duty to communicate constitutes fraud (Code § 37-704), and cited *Morris v. Johnstone,* 172 Ga. 598, 605 (158 SE 308) which held: "Where persons sustain towards another a relation of trust and confidence, their silence when they ought to speak, or their failure to disclose what they ought to disclose, is as much a fraud in law as an actual affirmative false representation. Mere silence on their part as to a cause, the facts giving arise to which it is their duty to disclose, amounts to a fraudulent concealment." The hearing officer found that when the appellee issued a statement certifying the amount on deposit in her escrow account, she assumed the duty to advise the lender of any material change in the amount of escrow.

Under Code § 37-704 the obligation to communicate may arise from confidential relationship or "from particular circumstances of the case." In discussing the latter element, the Supreme Court in *Reeves v. Williams & Co.,* 160 Ga. 15, 20 (127 SE 293) held: "Suppression of the truth is not a fraud unless used as a means of deceiving another. No man is compelled to break silence and speak, unless there is an obligation resting upon him to speak."

The court then set out two vital factors which must be present: 1) the intentional concealment of a fact 2) for the purpose of obtaining an advantage or a benefit.

In the case sub judice no finding was made as to a confidential relationship and, so far as can be ascertained, none existed. No intent to mislead was shown or found and the most the record reveals was a negligent failure to inform the lender that the check had "bounced." No purpose beneficial to the appellee was described. Under the circumstances here a finding of "substantial misrepresentation" was not authorized and the trial judge did not err in reversing the Georgia Real Estate Commission.

*Judgment affirmed. Smith and Birdsong, JJ., concur,*

ARGUED SEPTEMBER 12, 1979 — DECIDED NOVEMBER 14, 1979.

*Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Assistant Attorney General,* for appellant.
*Harris C. Bostic,* for appellee.