### 77778. GRAVES v. UNITED SERVICES AUTOMOBILE ASSOCIATION.
(379 SE2d 638)

BENHAM, Judge.

This appeal is from a judgment for appellee in a suit by appellant to recover benefits under an automobile insurance policy. Appellee denied coverage on the ground that the policy was cancelled prior to the loss because of nonpayment of a premium. The trial court submitted the case to the jury on a special verdict form which required it first to determine facts which would govern the issue of whether there was coverage. Since the verdict established that there was no coverage, judgment was entered for appellee.

1. Appellant's first three enumerations of error concern adverse rulings which appellant alleges the trial court made with regard to discovery matters. However, since appellant chose to have omitted from the record the allegedly erroneous orders, this court cannot decide their correctness. "The burden is on the appellant to show error by the record, and when a portion of the [record] . . . bearing upon the issues raised by the enumerations of error, is not brought up in the appellate record so that this court can make its determination from a consideration of it all, an affirmance as to that issue must result. [Cits]." *Morris v. Hodge*, 152 Ga. App. 815, 816 (264 SE2d 482) (1979).

2. The trial court's denial of appellant's motion for summary judgment is enumerated as error, but since the case has been tried to verdict and judgment, it is too late to secure review of the denial of that motion. *Atlanta Car for Hire Assn. v. Whited*, 179 Ga. App. 893 (1) (348 SE2d 102) (1986).

3. The next three enumerations of error asserted by appellant contend the trial court erred in denying him a directed verdict on

three issues. The standard of review for the denial of a motion for directed verdict is the "any evidence" standard. *Little v. Little*, 173 Ga. App. 116 (1) (325 SE2d 624) (1984).

A. Appellant moved for a directed verdict on the issue of whether appellee had validly cancelled appellant's policy prior to the loss. The only ground asserted in support of the motion was that appellee had not properly notified lienholders as required by OCGA § 33-24-44. Since there was evidence that there were no lienholders at the time of the loss, application of the "any evidence" standard mandates the conclusion that there was no error in denying appellant's motion for directed verdict on this issue.

B. Appellant also sought a directed verdict on the issue of appellee's bad faith in refusing to pay. However, since there was a question of fact concerning whether appellant's policy was still in effect, there was necessarily a question of fact concerning appellee's good or bad faith in refusing to pay, so appellant was not entitled to a directed verdict on that issue.

C. One of appellant's contentions in support of his claim that there was coverage was that he sent a premium payment to appellee in time to prevent cancellation of the policy. Contending that his testimony that he sent the payment was uncontradicted, appellant moved for a directed verdict on that issue. However, the evidence showed that the check was never paid by appellant's bank, although every other check issued on that account, including a later check to appellee, was paid; and that appellant dealt with that check differently than he dealt with other checks he had sent to appellee before and after, including the unusual step of making a photocopy of the front of the check before mailing it. Under all the circumstances, we agree with the trial court that there was a question for the jury to decide concerning whether appellant sent payment to appellee in time to prevent cancellation of the policy. We find no error in the denial of appellant's motion for directed verdict on that issue.

4. The trial court, on its own motion, decided to submit to the jury a special verdict form requiring it to resolve the issue of coverage vel non first by finding as matters of fact whether the cancellation was effective and whether appellant had paid the premium in time to prevent cancellation. Appellant asserts several errors with regard to that procedure.

A. The trial court's action in requiring the special verdicts was specifically authorized by OCGA § 9-11-49 (a). Whether to use special or general verdicts is a matter within the discretion of the trial court (*News Pub. Co. v. DeBerry*, 171 Ga. App. 787, 790 (321 SE2d 112) (1984)), and given the substantial questions concerning coverage vel non, we find no abuse of that discretion here. Appellant offers no authority that the trial court cannot require the use of special verdicts

on its own motion, and we are aware of none.

B. Since the only issues which were pertinent to the jury's deliberation on the special verdict form were cancellation and payment of premium, we find no error in the trial court's refusal to send out with the jury evidence of appellant's contract with his attorney, which was not relevant to those issues, or in the refusal to charge on other issues which would become pertinent only in the event of a plaintiff's verdict.

5. Finally, appellant asserts in his last enumeration of error that the judgment was not supported by the evidence. Assuming that he meant that the verdict was not supported by the evidence, we disagree: as noted above, the evidence was sufficient to send to the jury the questions of cancellation and payment. Appellant's argument on this enumeration of error, however, focuses on the trial court's use of the word "dismissed" in its judgment. A judgment should be construed so as to uphold it if possible (*First Nat. Bank &c. v. Millender*, 149 Ga. App. 65 (1) (253 SE2d 417) (1979)), and it is abundantly clear in this case that the judgment is an adjudication on the merits against appellant.

6. Appellee's motion for a frivolous appeal penalty is denied.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MARCH 10, 1989.

*George P. Graves*, pro se.
*Johnny W. Panos*, for appellant.
*William E. Gray II*, for appellee.