A89A2057. HORTON v. UNITED STATES FIDELITY &
GUARANTY COMPANY.
(392 SE2d 25)

BIRDSONG, Judge.

Summary judgment was granted to United States Fidelity & Guaranty Company (USF&G) on its third-party claim against the general contractor of a building project for indemnification, pursuant to their Master Agreement, on an amount paid to a supplier by USF&G under its surety bond.

On appeal, appellant James A. Horton d/b/a J & J Construction Company contends genuine issues of fact remain as to whether USF&G had paid the claim in good faith after proper investigation, and whether the supplier had complied with the notice requirements of the bond. Further, J & J contends the trial court erroneously considered a supplemental affidavit filed by USF&G less than 30 days prior to issuance of judgment (see *Wall v. C & S Bank of Houston County*, 145 Ga. App. 76 (243 SE2d 271)), which affidavit contained "some illegible exhibits containing totally new evidence which purported to settle the issues [referred to above]," and to which J & J had inadequate time to respond. *Held*:

We find no merit in this appeal. J & J does not show any purported fact raising an issue that the claims were not properly paid. See OCGA § 24-4-1, cited by J & J. The senior claims representative of USF&G stated by original affidavit that USF&G's evaluation of the claim revealed documentary evidence that the supplier had given proper notices; and that, in USF&G's consideration, USF&G had no defenses to the claim. J & J has shown no fact, including any reference to any specific deficiencies in any claim notice, which refutes these affirmations. See *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601 (203 SE2d 173); Ga. Prac. & Proc., § 9-11 (4th ed.)

Further, appellee USF&G asserts that its supplemental affidavit included copies of the actual notice letters sent by the supplier. There is no indication the trial court relied upon this supplemental affidavit in granting judgment, but it does support the judgment.

On motions for summary judgment, all questions as to issues of fact are to be resolved in favor of the respondent, and the benefit of every doubt is indulged in his favor. See generally *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d 442). Appellant J & J makes no showing that this procedure was not followed in this case, in rule or substance. All the assertions made by J & J on appeal are extremely

general in nature: where J & J asserts the proper notices were not sent and that USF&G abandoned good faith in paying the claim and that the claim itself was not valid, J & J provides no single fact, nor any evidence of fact to support these allegations. Indeed, we cannot conclude from J & J's brief that there is any evidence the claim was not valid and was not properly paid.

If any error was committed below by consideration of the late affidavit, J & J has not borne its burden to prove such error was harmful. The burden of appellant on appeal is not only to show actual error, but to show error which harmed him. *Graves v. United States Auto. Assn.*, 190 Ga. App. 690 (379 SE2d 638); *Whelchel v. Thomas Ford Tractor*, 190 Ga. App. 156 (378 SE2d 510). Appellant's inability to demonstrate in its brief to this court any specific evidence that the claim was paid wrongfully and that any consideration of USF&G's late affidavit led to an unjust result, only underscores its inability to muster such evidence below in response to USF&G's motion for summary judgment. Accordingly, we cannot find the trial court's grant of summary judgment was error. See *Balke v. Red Roof College Park Co.*, 190 Ga. App. 779, 781 (380 SE2d 61).

*Judgment affirmed. Deen, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 27, 1990 —
REHEARING DENIED MARCH 15, 1990.

*McRae, Lambrecht & Wagner, C. David Johnston, Benjamin H. Pruett*, for appellant.
*Zachary & Segraves, Finn Duerr, Sidney R. Barrett, Jr.*, for appellee.