A90A0446. THORPE v. THORPE et al.
(396 SE2d 247)

DEEN, Presiding Judge.

Georganna Thorpe, by her next friend, her mother Beulah Collins, appeals from the order of the trial court granting defendants' motion for summary judgment and denying her partial motion for summary judgment. Georganna brought an action in 1988 to enforce a judgment entered in 1981.

The original suit was brought by Collins and Georganna, by her guardian ad litem, against Georganna's father, George W. Thorpe, to enforce his promises. Collins and Thorpe had entered into a relationship in 1975 which resulted in the birth of Georganna. Collins asserted that Thorpe promised he would marry her, legitimate their child, buy a home in the child's name, set up a trust, and include the child in his will equally with his three legitimate children. Among the contentions were that Thorpe had made a will in 1968 leaving one-half of his estate to his wife and equal shares in the remainder to all his children. Georganna, born afterwards, sought to be included in the children's shares.

Thorpe's motion for summary judgment was denied, and in an interlocutory appeal, the Supreme Court held that since Thorpe was already married the promise to marry Collins was unenforceable. It also held that Georganna, as third party beneficiary to the promise to include her in a trust and in his will equally with his other children,

could maintain an action to enforce the promise. *Thorpe v. Collins*, 245 Ga. 77 (263 SE2d 115) (1980).

At trial, after return of the case to the lower court, the evidence included the 1968 will and a note from Thorpe to his attorney after Georganna's birth indicating that the will was to be redrawn to include her equally with the other children. No new will was executed. The jury returned a verdict in Georganna's favor stating that Thorpe was her father and that he agreed to make a will treating her equally with his other children. The jury found that Thorpe did not agree to create a trust for Georganna treating her equally with his other children. The trial court's conforming order provided: "George W. Thorpe be and he is hereby directed to make a will within thirty days from the date of this order, awarding to Georganna Thorpe upon his death, the same amount of property, real and personal, that he awards to each of his children. Said George W. Thorpe is hereby directed to file said will in this court not later than thirty days from the date of this order, at which time said will shall be attached to this order and shall be filed as a part of the record in this case."

George Thorpe moved for j.n.o.v. on two grounds: 1) there was no evidence to support the finding that he agreed to include Georganna in his will and the requirement that he make a will leaving Georganna an amount equal to the amounts left to each of his other children; 2) the evidence was insufficient to support the jury's verdict. This was overruled, but while it was pending Thorpe executed a will leaving his entire estate to his wife and excluding all his children including Georganna.

After the verdict, plaintiffs had proposed to the trial court two alternatives for the judgment on the verdict. One version would have specifically required Thorpe to provide for Georganna in his will with an equal undivided share in the one-half of his estate which he left to his other children, referring to the 1968 will. The other would have required him to name Georganna as a beneficiary with a share equal to each of his other three children on terms established in the 1968 will. The trial court rejected both alternatives and entered the above-quoted order.

Thorpe died in 1986. The validity of his 1981 will was upheld by the probate court and affirmed by the superior court. The issue remained as to whether the will complied with the 1981 decree. *Jones v. Jones*, 231 Ga. 145 (200 SE2d 725) (1973).

In her two enumerations of error, Georganna contends that the denial of Thorpe's motion for j.n.o.v. in the original case is res judicata as to the issues in this case so as to give her one-eighth of his estate, and that the will did not comply with the 1981 verdict and judgment.

1. Treating the enumerations of error in reverse order, we hold

that the will did not comply with the decree. In *Thorpe v. Collins*, supra at 80, the court noted a parent's legal obligation to support his minor child. When this case was tried, the jury found Thorpe to be Georganna's father and ordered him to pay $1,500 per month in child support until she reached her majority. George Thorpe was also found to have made a contract with the child's mother to treat her equally with his other children in his will. He was ordered to make such a will within thirty days and file it with the court. He was also ordered to pay $37,334 in attorney fees to Georganna and her mother for being "stubbornly litigious and acting in bad faith," to pay nominal vindictive damages, and to reimburse Ms. Collins $1,292.38 for blood tests. The 1968 will, which was introduced into evidence in that case, showed an intent to divide his estate between his wife and their children. Evidence of an undated handwritten note by Thorpe to his attorney was also introduced. It directed the attorney to draft a new will and that he desired to leave one-half of his estate to his wife and the other half to be divided between his three adult children and Georganna (whose age was given as "0"). When the jury found that he had contracted with Ms. Collins to treat Georganna equally with his other children, it obviously based this finding upon an expressed intent by Thorpe to include all his children in his will. After the March 4, 1981, judgment, but prior to a ruling upon his motion for a j.n.o.v. (in which Thorpe argued that the evidence was insufficient to support a finding that a contract existed), he executed a new will leaving everything to his wife and their three adult children as co-executors. He did not attach the will to a copy of the judgment and file it with the court within 30 days, but rather waited until October 31, 1983, to file it, and then he did not serve a copy upon appellants.

By making such a will, Thorpe obviously intended to defeat the intent and spirit of both his contract with Ms. Collins and the judgment of the court. His action in drafting this will ensures that his three children by Sarah Brosnan Thorpe will eventually share in his considerable estate through their mother, while Georganna will receive nothing. In effect, he sought to defeat this state's public policy that requires parents of minor children to support them. It would be an outrageous miscarriage of justice to allow Thorpe, who was obviously a wealthy and influential man, to circumvent indirectly a court order which directed him to treat his less fortunate daughter equally with his other children,

2. The ruling in Division 1 above makes it unnecessary to address appellant's remaining enumeration of error.

*Judgment reversed. McMurray, P. J., Banke, P. J., Birdsong, Pope and Cooper, JJ., concur. Carley, C. J., Sognier and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

1. The trial court should be affirmed because the will detailing how Thorpe wished his estate to be disposed of did not contravene the court decree.

"As a general rule, judgments are to be construed like other written instruments." 46 AmJur2d 363, Judgments, § 73. In case of doubt or ambiguity, a judgment or decree must be construed in connection with the pleadings, even though in so construing it, the generality of the judgment may be modified. *Clark v. Bd. of Dental Examiners*, 240 Ga. 289, 294 (5) (240 SE2d 250) (1977); *Landrum v. McGehee*, 116 Ga. App. 507 (157 SE2d 830) (1967); 49 CJS 870, Judgments, § 438. If the judgment is "not ambiguous and leaves nothing for interpretation, there is no need to refer to the pleadings or other parts of the record." 46 AmJur2d 365, Judgments, § 76. Where the language is "plain and unambiguous, there is no room for construction or interpretation, and the effect thereof must be declared in the light of the literal meaning of the language used." 49 CJS 863, Judgments, § 436.

The decree was clear and unequivocal. It did not require Thorpe to make a will granting Georganna a share in his estate, but only that she be devised and bequeathed the same share as Thorpe's other children. If it had meant to require some actual share, it would have indicated what the minimum would be. The court's decision cannot be construed to have deliberately invited another lawsuit as to what bequest would be adequate or reasonable or meet some other unnamed criterion.

Georganna was entitled to equal treatment, not to a bequest, and she was given it. Thorpe was under no mandate to leave something to each of his children, which would require an equal share for Georganna. Failing to include Georganna as a beneficiary did not violate the terms of the judgment.

2. Georganna contends that even if the decree itself did not order Thorpe to make a will leaving her a share in his estate, his motion for j.n.o.v. raised the question of whether there was any evidence showing that Thorpe agreed to include Georganna in his will, leaving her an amount equal to the amounts left his other children, and that he be required to make such a will, including Georganna in his will. Georganna argues that the denial of the motion established that there was evidence requiring Thorpe to make a will which included Georganna as a beneficiary entitled to an equal share in the estate as that given to his other children in the former will, i.e., one-eighth of the entire estate; that under principles of res judicata she must be included as such a beneficiary.

This ingenious argument fails. The sole purpose of a j.n.o.v. is to permit the trial court to review and reconsider its ruling on the antecedent motion for directed verdict. *Peacock v. Sheffield*, 115 Ga. App.

116, 119 (1) (153 SE2d 619) (1967). The denial of a motion for j.n.o.v. is proper unless the evidence demanded a verdict contrary to that returned by the jury. *Davis v. Glaze*, 182 Ga. App. 18, 19 (1) (354 SE2d 845) (1987). Where authorized, the verdict stands. *Pethel v. Waters*, 220 Ga. 543 (140 SE2d 252) (1965).

Regardless of Thorpe's position on his motion, its denial left the judgment as it was. As pointed out in the first division of this dissent, "as it was" meant with no requirement that Georganna be affirmatively included in the will unless the other children were. The heirs of George Thorpe were not bound by res judicata to include Georganna in the division of his estate.

I am authorized to state that Chief Judge Carley and Judge Sognier join in this dissent.

DECIDED JUNE 12, 1990 —
REHEARINGS DENIED JULY 9, 1990 AND JULY 24, 1990 — CERT.
APPLIED FOR.

Jones, Brown & Brennan, Taylor W. Jones, Myles E. Eastwood, Rebecca A. Copeland, for appellant.
McGee & Oxford, Stanley P. Meyerson, for appellees.