S90G1437. THORPE et al. v. THORPE.
(400 SE2d 620)

SMITH, Presiding Justice.

The appellants are Mrs. Sarah Thorpe, the wife of George Thorpe, and her three children of the marriage. The appellee, Georganna Thorpe, is the daughter of George Thorpe and Beulah Collins out-of-wedlock. Georganna Thorpe is seeking participation in the estate of Mr. Thorpe who died in 1986. This Court granted the appellants' petition for a writ of certiorari to review the holding of the Court of Appeals in *Thorpe v. Thorpe*, 196 Ga. App. 499 (396 SE2d 247) (1990). We reverse.

Beulah Collins and George Thorpe met and became romantically involved in 1975. Their relationship resulted in the birth of Georganna Thorpe. Prior to Georganna's birth, Mr. Thorpe had a will in

---

[5] That the statements were suppressed by the trial court was obviously a benefit to the defendant.

effect which devised one-half of his property to his wife, and one-half of his property to the three children of the marriage. Ms. Collins sued Mr. Thorpe alleging that he had made promises to marry her, legitimate Georganna Thorpe, buy a home in the child's name, set up a trust for the child's benefit, and to include the child in his will equally with the three children of his marriage. The trial court found valid Mr. Thorpe's promise to "treat Georganna Thorpe equally with his other children." Accordingly, it ordered Mr. Thorpe to create a will, "awarding to Georganna Thorpe . . . the same amount of property . . . that he awards to each of his children."

In 1981 Mr. Thorpe responded by making a will leaving all of his property to his wife, Sarah Thorpe, and none to any of his children. Mr. Thorpe died in 1986 and the validity of the 1981 will was upheld by the probate court and affirmed by the same superior court that issued the original judgment and order. Georganna Thorpe sought review by the Court of Appeals asserting that the 1981 will violated the spirit of that judgment and order of the trial court. The Court of Appeals agreed and reversed the superior court.

Where the language of a judgment is "plain and unambiguous[,] there is no room for construction or interpretation, and the effect thereof must be declared in the light of the literal meaning of the language used." 49 CJS 863, Judgments, § 436.

The relevant portion of the judgment upon which the will in dispute is based states:

> George W. Thorpe be and he is hereby directed to make a will within thirty (30) days from the date of this order, awarding to Georganna Thorpe upon his death, the same amount of property, real or personal, that he awards to each of his children. Said George W. Thorpe is hereby directed to file said will in this court not later than thirty (30) days from the date of this order, at which time said will shall be attached to this order and shall be filed as a part of the record in this case.

The language of the trial court's judgment is clear. Under it, Mr. Thorpe was not mandated to bequeath anything to his children. The judgment only required that Mr. Thorpe leave to Georganna Thorpe the same amount of property, real or personal, as he left to his other children. Mr. Thorpe's will, although it left none of the children anything, treated all the children equally, and therefore complied with the judgment.

*Judgment reversed. All the Justices concur, except Weltner and Hunt, JJ., who dissent.*

*Davis, Gregory & Christy, Hardy Gregory, Jr., McGee & Oxford, P. Joseph McGee, Clifford Oxford, Stanley P. Meyerson,* for appellants.

*Jones, Brown, Brennan & Eastwood, Taylor W. Jones, Myles E. Eastwood, Rebecca A. Copeland,* for appellee.