A93A1598. CRAWFORD et al. v. ODOM.
(439 SE2d 27)

McMURRAY, Presiding Judge.

Jackie D. Crawford and Frances Crawford filed an action against Regina Bell, Parnell Odom and Jim Wright (defendants), alleging defendants duped them into purchasing a structurally defective house by concealing portions of an official Georgia wood infestation report that revealed extensive termite damage to the premises. Parnell Odom filed a motion for summary judgment and his affidavit, deposing that he is an attorney licensed to practice law in the State of Georgia and that his law firm was hired by Bell and the Crawfords to implement a contract the parties executed for the sale of Bell's house to the Crawfords. Odom deposed that the contract required Bell to provide the Crawfords with a wood infestation report at the time of closing; that Jim Wright's real estate firm informed him before clos-

ing that a pest control company had inspected the premises and "found some termite infestation and some termite damage" and that the house was to be repaired and treated for termites before closing. Odom further deposed that he gave the Crawfords a three-page official Georgia wood infestation report at closing which indicated previous termite infestation and damage and that "a discussion was held [at closing] with and among all parties outlining the repairs . . . made to the property."

In opposition, Jackie Crawford filed his affidavit and deposed that he was only given a one-page wood infestation report at closing; that this report merely indicated that Bell's house had recently been treated for subterranean termites and that defendants "assured [him at closing] that the only damage to the premises was to one floor joist and that [a carpenter] had repaired the floor joist." Jackie Crawford also deposed that he discovered additional termite damage to the premises several weeks after the closing; that he went to Parnell Odom's law office in an attempt to resolve the problem and that an employee at Parnell Odom's law office then gave him a three-page wood infestation report which included a diagram indicating extensive termite damage throughout the house, a warning that the reported damage will not be corrected by the treating pest control company and a recommendation "that damage be evaluated by qualified expert."[1]

The trial court granted Parnell Odom's motion for summary judgment. This appeal followed. *Held*:

"The law in Georgia is well-settled that ' "(i)n the purchase and sale of real estate there is an underlying principle of law to the effect that one cannot be permitted to claim that he has been deceived by false representations about which he could have learned the truth of the matter and could have avoided damage. . . ." *Westbrook v. Beusse*, 79 Ga. App. 654, 658.' *Grant v. Aulicky*, 161 Ga. App. 817, 819 (290 SE2d 107) (1982). Accord *Ross v. Smith*, 173 Ga. App. 384 (326 SE2d 527), rev'd on other grounds, 255 Ga. 193 (336 SE2d 39) (1985)." *Lester v. Bird*, 200 Ga. App. 335, 337 (1), 338 (408 SE2d 147). However, this rule does not apply in the case sub judice as the Crawfords' claim against Odom is not based on misplaced reliance on representations regarding damage they could have discovered upon inspection of the premises. It is based on an allegation that Odom deliberately withheld information collected by the pest control com-

---

[1] Although Parnell Odom deposed that he "personally reviewed with the [Crawfords] the [three-page] Official Georgia Wood Infestation Report[,]" this proof must defer to the Crawfords' proof that Odom produced a one-page termite report at closing because on summary judgment the evidence must be viewed in a light most favorable to the non-moving party. *Horton v. U. S. Fidelity &c. Co.*, 194 Ga. App. 881 (392 SE2d 25).

pany so as to induce the Crawfords to purchase Bell's termite damaged house.

"Suppression of a material fact which a party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case." OCGA § 23-2-53. In the case sub judice, it is undisputed that Odom had an affirmative duty to inform the Crawfords at closing of any and all information collected by the pest control company that inspected the premises.[2] However, this evidence alone is insufficient to sustain the Crawfords' claim that Odom duped them into purchasing Bell's house by means of fraudulent nondisclosure of material facts. Two vital factors must be present to sustain such a cause of action: "1) the intentional concealment of a fact 2) for the purpose of obtaining an advantage or a benefit." *Ga. Real Estate Comm. v. Brown*, 152 Ga. App. 323, 324 (262 SE2d 596).

"[A]t summary judgment a party who will not bear the burden of proof at trial need not conclusively prove the opposite of each element of the non-moving party's case. Rather, that party must demonstrate by reference to evidence in the record that there is an absence of evidence to support at least one essential element of the non-moving party's case. In other words, summary judgment is appropriate when the court, viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each essential element of the case." *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (4) (405 SE2d 474). In the case sub judice, Jackie Crawford deposed that Odom failed to provide the Crawfords with two pages of a three-page termite report at closing. At best, this evidence may authorize a finding that Odom was negligent in performing his duties as closing attorney, but it does not show that Odom intentionally concealed a material fact for the purpose of obtaining an advantage or a benefit. Consequently, since the record does not give rise to genuine issues of material fact regarding Odom's intent to mislead the Crawfords for some purpose beneficial to himself, the trial court did not err in granting Odom's motion for summary judgment. See *Ga. Real Estate Comm. v. Brown*, 152 Ga. App. 323, 324, supra.

*Judgment affirmed. Birdsong, P. J., Andrews and Johnson, JJ., concur. Beasley, P. J., concurs in the judgment only. Pope, C. J.,*

---

[2] Odom deposed that Bell and the Crawfords employed his law firm to implement a contract providing for the sale of Bell's house to the Crawfords. Further, a copy of this real estate sales contract appears in the record and reveals that Bell was required to produce certification at closing, via a report from a pest control company, that the premises "has been inspected and found to be free from visible infestation and structural damages caused by termites and other wood destroying organisms or that if such infestation or structural damage or both existed it has been corrected."

*Cooper, Blackburn and Smith, JJ., dissent.*

BLACKBURN, Judge, dissenting.

Although acknowledging the existence of a factual issue as to whether the defendant Odom provided the plaintiffs with the entire termite infestation report at the closing, the majority opinion concludes that the evidence at best authorizes only a finding of negligent performance by the defendant as closing attorney. In my view, however, that factual conflict is sufficient to warrant jury resolution of the fraud claim.

"Fraud may not be presumed but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence." OCGA § 23-2-57. "Rarely, if ever, can a fraudulent intent be shown by direct proof, and . . . slight circumstances are often sufficient to induce belief on the part of the jury that there was fraud between the parties." *Bucher v. Murray*, 212 Ga. 259, 260 (91 SE2d 610) (1956).

In the instant case, the plaintiffs' evidence showed that the defendant gave them only a one-page infestation report at closing, which was contradicted by the defendant's evidence that the entire three-page report was provided. The parties similarly disputed the extent of the verbal discussion regarding the infestation report that occurred during the closing. Those factual disputes established by the evidence support a reasonable inference that the defendant intentionally concealed the full report for the purpose of closing the sale of the house. For that reason, I would reverse the trial court's grant of summary judgment for the defendant.

I am authorized to state that Chief Judge Pope, Judge Cooper and Judge Smith join in this dissent.

DECIDED NOVEMBER 17, 1993 —
RECONSIDERATION DENIED DECEMBER 14, 1993.

*Linda R. Wells*, for appellants.
*Wood, Odom & Edge, Gus L. Wood III*, for appellee.

