S96A0082. LATTIMORE v. MEADOWS.
(468 SE2d 745)

FLETCHER, Presiding Justice.

Harry Hays Lattimore is the beneficiary of a substantial bequest under a 1991 codicil to the will of Carl Linton Meadows, Jr. Comer Varnedoe Meadows is the former wife of Carl Meadows. She sued the executor of Carl's will for specific performance of a contract to make a will, contending that the bequest to Lattimore contravened the terms of the Meadows' divorce decree. After Lattimore joined as a party, the trial court granted Comer Meadows' motion for summary judgment. Because the effect of Carl Meadows' divorce decree and will required him to leave his entire estate to Comer Meadows and the bequest to Lattimore contravened these terms, we affirm.

Carl and Comer divorced in 1983. The divorce decree required Carl to reaffirm his 1981 will in which he left his estate, except for a $1,000 bequest, to Comer. He complied with the decree when he executed his will in 1984. The decree also provided that Carl "shall not make any Will in contravention of the terms" of the 1981 will. In 1991, Carl executed a codicil bequeathing $100,000 to Lattimore. After Carl died in 1994 and his 1984 will and 1991 codicil were admitted to probate, Comer brought this action.

The unambiguous terms of the existing will left the entire estate to Comer, with the exception of a single $1,000 bequest. The divorce decree required Carl to reaffirm these terms and prohibited any contravention of these terms. Thus, the divorce decree operated as a contract to make a will that left Carl's entire estate, less $1,000, to Comer.[1] The large bequest to Lattimore was clearly an attempt to contravene the divorce decree and is a breach of the agreement to

---

[1] See *Jones v. Jones*, 231 Ga. 145 (200 SE2d 725) (1973).

make a will.[2]

This case is distinguishable from *Thorpe v. Thorpe*[3] because the divorce decree in that case did not require the husband to reaffirm his existing will, which excluded his illegitimate children, but only required him to execute a new will that treated all his children equally. Therefore, the subsequent will that excluded all children did not contravene the mandate of the divorce decree to treat all children equally.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 8, 1996 —
RECONSIDERATION DENIED MAY 3, 1996.

*Zipperer & Lorberbaum, Alex L. Zipperer,* for appellant.
*Inglesby, Falligant, Horne, Courington & Nash, Kathleen Horne, Amy L. Copeland,* for appellee.

---

[2] Id. at 148.
[3] 260 Ga. 799 (400 SE2d 620) (1991).