A02A1870. MIDDLETON et al. v. TROY YOUNG REALTY, INC.

(572 SE2d 334)

Eldridge, Judge.

On May 24, 2000, Tammie and Kelvin Middleton contracted with Mike Moon, the developer of the subdivision, to build and to sell to them the "same house on Lot 74 as on Lot 65," which was the model home; Troy Young Realty, Inc. was to be the selling broker for Moon. The model house on Lot 65 had 1,854 square feet, but the size of Lot 74 allowed only a smaller foundation that reduced the area of the house to only 1,735 square feet, which caused some design changes and reduced the square footage by 119 square feet.

The Middletons claimed that they did not realize that the change in the foundation and design had reduced the square footage from the model house until they moved into the house and received a copy of the appraisal.

The Middletons submitted a list of changes to be made prior to closing, which could not be completed within such limited time. They also requested from Troy Young Realty a copy of the appraisal, which was not given to them until after the closing. To compensate the Middletons for the reduced footage, design changes, and delays, Moon authorized Troy Young Realty either to give them a price concession of $1,000 and a landscaping allowance of $400 or to allow them to cancel the contract. At closing on July 26, 2000, Troy Young Realty gave them no choice and offered only the $1,000 price concession and the landscaping allowance but did not tell them that this was for the reduced square footage. The Middletons believed that the price concession was for the problems and delays and signed a contract addendum that some items would be completed after closing. The addendum read in part: "[t]he sum of $1,000 shall be deducted from Seller's proceeds and paid to Purchaser due to errors on Lot 65 & 74 difference and delay in closing to defray any extra expenses or inconvenience to Purchasers."

On September 19, 2000, the Middletons learned that the square footage was 119 less than the model house. They contended that they had been damaged by not being told of the two options by Troy Young Realty prior to closing, that there were 119 square feet less in the house, that they were wrongfully denied a copy of the appraisal

which would have revealed the true square footage, and that the price concession was for the 119 square feet less area. They also contended that Troy Young Realty had a dual agency with them and Moon, requiring it to reveal such information to them.

On April 19, 2001, the Middletons sued Troy Young Realty for fraud. Troy Young Realty timely answered and moved for summary judgment. After a hearing, the trial court granted summary judgment to the defendant. Finding no error, we affirm.

The Middletons contend that the trial court erred in granting summary judgment. We do not agree.

Fraud and deceit require that the plaintiff prove five essential elements: (1) false representation made by the defendant; (2) scienter, the intent to deceive; (3) intent to induce the plaintiff to act or refrain from acting in reliance upon the representation; (4) justifiable reliance by the plaintiff upon the representation; and (5) damages directly and proximately caused by reliance. *Lakeside Investments Group v. Allen*, 253 Ga. App. 448, 450 (559 SE2d 491) (2002); *Smalls v. Blueprint Dev.*, 230 Ga. App. 556, 559 (1) (497 SE2d 54) (1998).

(a) The express language of the purchase contract states plainly in unambiguous terms that "[p]ayment of commission to a Broker shall not create an agency or subagency relationship between Buyer's Broker and either Seller or Seller's Broker." Further, the contract clearly stated for the listing broker, Troy Young Realty, "[l]isting Broker has entered into a client relationship with only the seller" and did not mark "dual agency." For selling broker, only transaction brokerage was marked, which read: "[s]elling Broker has not entered into a client relationship with Buyer or Seller." The transaction brokerage disclosure provision stated: "Seller and Buyer are aware that if they are not represented by a Broker they each are solely responsible for protecting their own interests. Seller and Buyer acknowledge that Broker may perform ministerial acts for either party as a Transaction Broker." Thus, the Middletons were put on notice by the unambiguous contract terms that they had no right to rely upon Troy Young Realty as their broker, that no confidential relationship existed, and that they were "solely responsible for protecting their own interests," because, on the record before the trial court, no dual agency existed.

The "[s]uppression of a material fact which a party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case." OCGA § 23-2-53. Thus, there must exist an obligation to disclose before there can be fraud by failure to communicate a material fact. "An obligation to disclose must exist before a party may be held liable for fraud based

upon the concealment of material facts." (Citation omitted.) *William Goldberg & Co. v. Cohen*, 219 Ga. App. 628, 631 (1) (a) (466 SE2d 872) (1995) (UCC filing was of record as to security interest). See also *Crawford v. Odom*, 211 Ga. App. 367, 369 (439 SE2d 27) (1993). Thus, "[s]uppression of a material fact which a party is under an obligation to communicate constitutes fraud." (Punctuation omitted.) *Crawford v. Odom*, supra; *Ga. Real Estate Comm. v. Brown*, 152 Ga. App. 323, 324-325 (262 SE2d 596) (1979). "Suppression of the truth is not a fraud unless used as a means of deceiving another. No man is compelled to break silence and speak, unless there is an obligation resting upon him to speak." *Reeves v. Williams & Co.*, 160 Ga. 15, 20 (127 SE 293) (1925).

Under both the clear terms of the contract and the facts of this case, Troy Young Realty had no confidential relationship with the Middletons. "When a fiduciary or confidential relationship is not created by law or contract, we must examine the facts of a particular case to determine if such a relationship exists." (Citation omitted.) *Yarborough v. Kirkland*, 249 Ga. App. 523, 527 (2) (548 SE2d 670) (2001) (zoning of property for a particular use). The "Responsibility to Cooperate" term under the contract must be construed with all the other terms denying agency and the right to rely on any disclosure or nondisclosure; therefore, either alone or in conjunction with other provisions of the contract, no duty to disclose arose. Thus, the buyer, absent a fiduciary or confidential relationship with the broker, had no right to rely; the buyer was aware that the broker represented only the seller as stated in the sales contract; and the sales contract stated that the buyer had not relied on any representations of the broker. *Hanlon v. Thornton*, 218 Ga. App. 500, 501-502 (1) (462 SE2d 154) (1995). Where the facts are patent, unambiguous, and undisputed, the trial court may decide the issue of a confidential relationship as a matter of law, "[a]lthough the existence of a confidential relationship depends upon the circumstances and therefore is generally a jury issue." *Williams v. Dresser Indus.*, 120 F3d 1163, 1168 (II) (A) (1) (11th Cir. 1997).

(b) Absent a fiduciary or confidential relationship with the defendant, the plaintiff must exercise due diligence before relying upon the representations or silence of another.

> Fraud cannot be the basis of an action if it appears that the party alleging the fraud had equal and ample opportunity to prevent it and yet made it possible through the failure to exercise due diligence. When the means of knowledge are at hand and equally available to both parties to a contract of sale, if the purchaser does not avail himself of these means,

he will not be heard to say, in impeachment of the contract, that he was deceived by the representations of the seller.

(Citations and punctuation omitted.) *Reeves v. Edge*, 225 Ga. App. 615, 618 (2) (484 SE2d 498) (1997).

The Middletons must show justifiable reliance upon Troy Young Realty's failure to disclose before they can recover for fraud; where diligent inspection would have revealed the defect, there cannot be reasonable reliance. *Lester v. Bird*, 200 Ga. App. 335, 338 (1) (408 SE2d 147) (1991). In this case prior to closing, the Middletons were aware that there existed a difference in lot size between model home Lot 65 and Lot 74, because they were told both verbally and in the addendum that the foundations were different and there was some redesign of the rooms. Further, they observed the different foundation and redesign being constructed. All of these factors gave rise to the need to exercise reasonable diligence on their part to determine the square footage of the redesigned house. Moreover, the addendum specified that they were receiving a price reduction because of the difference in lot size between Lot 65 and Lot 74, which was enough to put any purchaser on notice that something was wrong, because builder-sellers do not ordinarily cut the price of an existing contract. Having failed to come forward on summary judgment with some evidence to raise a material issue of fact as to their exercise of due diligence to discover the actual square footage in the house after the defendant has presented evidence of the plaintiffs' lack of due diligence, the element of reasonable reliance has not and cannot be shown at trial; therefore, the failure of one of the elements of fraud supports the grant of summary judgment in this case. See *Lakeside Investments v. Allen*, supra at 450; *Smalls v. Blueprint Dev.*, supra at 559; *Reeves v. Edge*, supra at 617-618 (2).

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 8, 2002.

*Carol L. Stokes*, for appellants.
*Randall P. Harrison*, for appellee.