## A07A0125. TANKERSLEY et al. v. BARKER.

(651 SE2d 435)

ADAMS, Judge.

Defendant/appellant Larry Tankersley appeals from the judgment rendered on the jury's verdict against him.

The following evidence was presented at trial: Plaintiff/appellee Linda Barker testified that she began dating Tankersley in 1993, and that he proposed marriage to her after they had been dating for only a few weeks. After he proposed marriage, he convinced her to give him $12,000 so he could buy a hotrod truck and a transport truck to carry it on, with the verbal agreement that he would sell the hotrod for a profit, pay Barker back the money she loaned him and use the leftover proceeds to open a body shop so that they could get married and he could support her. Barker testified that she offered to write Tankersley a check for the loan, but that he wanted her to give him cash because "they'll think I'm trying to steal all your damn money if I take that to the bank to cash it." Barker cashed a personal check and gave Tankersley the cash, and he purchased the hotrod and transport. Over time, he borrowed more money from Barker, ostensibly so he could purchase a car lift and brake machine to open the body shop so that he could support them and she could quit her job.

Barker testified that Tankersley also told her he wanted to build a house for them to live in, but that he needed land to build on. Tankersley subsequently drove her to a piece of land owned by his parents, Bill and Marjorie Tankersley. Tankersley suggested that she buy the land for their future matrimonial home and Marjorie convinced her that she was getting a good deal. She withdrew another $20,000 from the bank, $15,000 to be used for the land purchase and $5,000 to be used to purchase the brake machine. Barker said Tankersley repeated his assurance that he would pay the money back when he opened up the body shop and that he was planning on marrying her "really soon," and that when she "pinned him down" about getting married, he promised her he would marry her at Christmas.

Barker purchased two lots from Bill and Marjorie for $15,000. Although the warranty deed she received made no references to encumbrances on the land, Barker later discovered that the property was the subject of outstanding liens. Tankersley never opened the body shop, and never repaid Barker the money she loaned him, despite repeated requests that he do so.

Barker subsequently brought suit against Tankersley and his parents alleging, inter alia, a breach of warranty deed claim against Bill and Marjorie arising out of the purchase of the land, a fraud claim

against all three defendants arising out of the alleged false representations made concerning the purchase, a fraud claim against Tankersley for the promises he made to her concerning repayment of the money she loaned to him, and a claim against Tankersley for repayment of the monies loaned. She also sought attorney fees and punitive damages.

The case was tried before a jury. The jury entered a detailed verdict, awarding Barker $5,204.91 on her breach of warranty deed claim; $30,320.91 plus interest of $15,000 on her claim that the funds she advanced to Tankersley were in the nature of a loan which Tankersley had an obligation to repay; and $50,000 on her fraud claim against Tankersley. The jury also made a finding that Barker was entitled to punitive damages and entered a special verdict awarding her $50,000 on that claim.

Tankersley appeals, arguing that the trial court erred in denying his motion for directed verdict on Barker's fraud in the inducement claim and that the award of punitive damages on Barker's fraud claim constituted an impermissible double recovery.

1. Tankersley first argues that the evidence here does not support the existence of a confidential relationship, and that in the absence of such a relationship, Barker cannot show that she reasonably relied on Tankersley's representations that he would repay the money she loaned to him.[1] "Absent a fiduciary or confidential relationship with the defendant, the plaintiff must exercise due diligence before relying upon the representations or silence of another." *Middleton v. Troy Young Realty, Inc.*, 257 Ga. App. 771, 773 (b) (572 SE2d 334) (2002).

> Any relationship shall be deemed confidential, whether arising from nature, created by law, or resulting from contracts, where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another or where, from a similar relationship of mutual confidence, the law requires the utmost good faith, such as the relationship between partners, principal and agent, etc.

---

[1] The elements of fraud are: false representation by the defendant, scienter, intent to induce the plaintiff to act or refrain from acting, plaintiff's justifiable reliance on the false representation and damages to the plaintiff. *Almond v. McCranie*, 283 Ga. App. 887, 889 (2) (643 SE2d 535) (2007). The trial court charged the jury that "[b]efore a person is entitled to relief on the ground of fraud, deceit or misrepresentation it must appear that the person used ordinary care to find out the facts and protect against loss unless a confidential relationship existed between the parties."

OCGA § 23-2-58. The existence of a confidential relationship is a question for the jury. "Such relationship may be created by law, contract, or the facts of a particular case. Moreover, since 'a confidential relationship may be found whenever one party is justified in reposing confidence in another, the existence of (this) relationship is generally a factual matter for the jury to resolve.' " (Footnote omitted.) *Douglas v. Bigley*, 278 Ga. App. 117, 120 (1) (a) (628 SE2d 199) (2006).

Here the evidence, as stated above, authorized the conclusion that the parties had a confidential relationship. Because of their personal relationship and Tankersley's repeated promises that they would marry, Barker placed trust and confidence in Tankersley's assurances that he was acting in her best interest by taking the monies she loaned to him and using those monies for business purposes which would ultimately allow him to repay her and to support her after they were married. The denial of Tankersley's motion for directed verdict on Barker's fraud in the inducement claim was not error.

2. Tankersley also argues that the punitive damages awarded Barker constituted an impermissible double recovery because such damages are not recoverable in a contract action. OCGA § 13-6-10 ("Unless otherwise provided by law, exemplary damages shall never be allowed in cases arising on contracts."). But "[e]ven in an action for breach of contract, where there were matters of record relating to fraud, punitive damages can be awarded, for '(f)raud, if found, is tortious conduct.' [Cits.]" *Clark v. Aenchbacher*, 143 Ga. App. 282, 284 (1) (238 SE2d 442) (1977).

In order to decide this issue, we must consider the nature of the claims as set forth in Barker's complaint and submitted to the jury for determination. Barker's fraud claim against Tankersley alleged in essence that Tankersley, with the intent to deceive, made false promises and representations to Barker concerning repayment of the monies she loaned to him and that he caused her to rely on such false promises, resulting in damages in an amount to be determined by the jury. Her contract claim, i.e., her "action for money loaned," alleged that she loaned Tankersley money and that he was obligated to repay her.

> Where one is induced to enter into a contract by fraud, the defrauded party has an election either to affirm the contract and sue for damage resulting from the fraud or rescind the contract. [Cits.] One can pursue any number of inconsistent remedies prior to formulation and entry of judgment. [Cit.] Thus, [Barker] was not required to elect [her] remedy prior to the submission of [her] case to the jury

but would have to do so if inconsistent verdicts had been rendered. [Cits.] Here [Barker] could not recover for both breach of contract and fraud if the fraud related purely to the inducement to enter into the contract.

*Long v. Marion*, 182 Ga. App. 361, 366 (5) (355 SE2d 711) (1987) (physical precedent only).

In this case, the trial court charged the jury extensively on both the elements of Barker's fraud claim and her breach of contract claim and the jury awarded Barker damages on both these claims. But under the facts here, we cannot say the allegations of fraud went to anything other than Barker's inducement to enter into the contract. Cf. *Long*, 182 Ga. App. at 366 (5). Thus, Barker was not entitled to recover damages for both her breach of contract and her tort claim in this case. See also *Woodhull Corp. v. Saibaba Corp.*, 234 Ga. App. 707, 711-713 (2) (507 SE2d 493) (1998) (party not permitted to double recovery of the same damages for the same wrong); *H & H Subs v. Lim*, 223 Ga. App. 656, 659-660 (3) (478 SE2d 632) (1996) (award of both punitive damages and prejudgment interest improper). The judgment in this case must therefore be vacated and the case remanded to the trial court so that Barker can be given the opportunity to make an election of remedies and a new judgment entered. *Hardin v. Hunter*, 174 Ga. App. 756, 757 (3) (331 SE2d 83) (1985).

*Judgment reversed and case remanded. Andrews, P. J., and Ellington, J., concur.*

DECIDED JULY 12, 2007 —
RECONSIDERATION DENIED JULY 26, 2007 —

*Mark T. Sallee*, for appellants.
*Ann M. Vaughan*, for appellee.